No. 2342.

GULF, COLORADO & SANTA FE RAILWAY COMPANY *v.*
S. B. PETTIS.

1. CHARGE OF COURT.—A charge of court is not a charge on the weight of evidence unless it is fairly susceptible of a construction which would indicate to the jury that in the opinion of the court some contested issue had been proved, or from which the opinion of the court on such issue might be inferred. See opinion of a charge held not to be upon the weight of evidence.

2. DAMAGES.—If damage results from the derailment of a railway train, caused by the spreading of a reasonably safe track by the passage of another train so immediately preceding the accident complained of, that the track man could not have notice of the defect in the track, the railway company is not liable. If, however, the defect causing the injury was in rotten and unsafe road ties, over which the track had spread by the passing of a train, and injury was caused thereby through the derailment of another train following quickly thereafter, the fact that the laborers on the road had no time to discover the defect after the first train had passed, would afford no defense. The liability of the company would result from the act of negligence in permitting rotten ties to remain in the road bed.

APPEAL from Galveston. Tried below before the Hon. W. H. Stewart.

The petition of appellee charged, that on the ninth day of November, A. D. 1884, plaintiff was employed as engineer of defendant's engine No. 10, attached to defendant's train No. 18. That at about the hour of 6 o'clock a. m. his train was going south at the rate of speed of eighteen miles per hour, and that when the engine in charge of plaintiff reached a point on defendant's road, known as Pritchard's switch, the engine was thrown from the track and overturned and plaintiff thrown with great violence from his position on the engine to the ground, a part of the overturned train of defendant falling upon him, crushing him, breaking his right arm in two places and so crippling him as to destroy his capacity to earn his livelihood as an engineer. That the injuries resulted to plaintiff from defendant's failure to keep its railroad track at the intersection of said switch with its main line in a safe and proper condition, and in failing to clear away the timber on each side of its track, the timber so obstructing the plaintiff's view of the railroad at this particular point as to prevent him from seeing a danger signal which was exhibited ahead, and which would have enabled him to have stopped the train and avoided the accident had the timber been cut away a proper distance from said track. That the road bed where said switch joins the main line of said railroad had been allowed by defendant to get out of repair and become unsafe to such an extent as to render the passage over it of trains at this point extra hazardous and dangerous, and that the bad condition of its railroad at this point was known to defendant for more than a week prior to the accident.

Verdict and judgment for two thousand five hundred dollars.

*Ballinger, Mott & Terry,* for appellant: The court erred in giving the following charge to the jury: "The company would not be liable to damages by reason of rotten ties south of the place where the engine was derailed, unless you believe from the evidence that rotten ties south of that point caused the derailment," because said charge assumed as a fact that there were rotten ties south of the place of derailment, and did not leave that as an issue for the jury. (Gay v. McGuffin, 9 Texas, 501; Crozier v. Kirker, 4 Texas, 252; Wells v. Barnett, 7 Texas, 584; Hardy v. DeLeon, 5 Texas, 211; Austin v. Talk, 26 Texas, 127; Williams v. Davidson, 43 Texas, 2; Houston & Texas Central Railway Company v. Nixon, 52 Texas, 19; Altgelt v. Brister, 57 Texas, 432; Galveston, Harrisburg & San Antonio Railway Company v. Davidson, 61 Texas, 204.)

The charge was upon the weight of the evidence and in contravention of the statute. (Revised Statutes, article 1317; Texas & Pacific Railway Company v. Murphy, 46 Texas, 357.)

The verdict was contrary to the law and the evidence, in that it was shown from the evidence that the switch and track had been placed in good order only two days before the accident, and had been thoroughly inspected by the road master and section foreman; that the track was torn up and the switch broken by Morgan's train, which passed over within two hours ahead of Pettis's train, having hanging from the caboose on its rear end a large chain or wire rope and hook, which could, and in all probability did, break the switch and cause the derailment of the caboose on Morgan's train. That the operatives on Morgan's train were fellow servants of Pettis; that ample time had elapsed for said operatives to have flagged Pettis's train and thereby prevented him from running into the broken switch. (Price v. Houston Direct Navigation Company, 46 Texas, 535; Robinson v. Houston & Texas Central Railway Company, 46 Texas, 540; International & Great Northern Railroad Company v. Miller, 51 Texas, 270; Dallas v. Gulf, Colorado & Santa Fe Railway Company, 61 Texas, 198; Galveston, Harrisburg & San Antonio Railway Company v. Faber, 63 Texas, 344; Missouri Pacific Railway Company v. Watts, 63 Texas, 549; Texas & Pacific Railway Company v. Scott, 64 Texas, 549.)

When the record shows that there is a deficiency of evidence to support the action, and it is manifest that the verdict is contrary to the evidence, this court has never felt wanting in power to reverse a judgment based on such a verdict. (Houston

& Texas Central Railway Company v. Schmidt, 61 Texas, 282; Taylor v. Ashley, 15 Texas, 50; Pilcher v. Kirk, 60 Texas, 162; Chandler v. Meckling, 22 Texas, 36; Texas & New Orleans Railway Company v. Berry, 5 S. W. Rep., 818; Long v. Steiger, 8 Texas, 460; Edrington v. Kiger, 4 Texas, 89.)

*Wheeler & Rhodes*, for appellee.

MALTBIE, PRESIDING JUDGE.   S. J. Pettis, the appellee, an engineer in the employment of appellant, The Gulf, Colorado & Santa Fe Railway Company, was injured in a wreck at Pritchard switch, while engaged in running an engine over appellant's road, for which he recovered damages.  Appellant concedes that all of the issues in the case were fairly submitted to the jury, except as to one paragraph in the charge, which is claimed to be the weight of the evidence, and is as follows: "The company would not be liable to damages by reason of rotten ties south of the place where plaintiff's engine was derailed, unless you believe that rotten ties south of that point caused the derailment."  A charge is not on the weight of evidence, unless it is fairly susceptible of a construction which would indicate to the jury that in the opinion of the court some contested issue had been proven; or from which the opinion of the court on such issue might be inferred.  The proposition is stated in negative terms, and for that reason is somewhat complex; but we do not think it fairly susceptible of the construction, that in the opinion of the court, there were rotten ties south of the switch.  It is insisted that the verdict of the jury is contrary to the evidence; but before proceeding to examine this question it becomes necessay to determine some legal propositions given in charge to the jury and assumed to correct by counsel for appellant.

Morgan, an engineer, with his crew, while in the employ of appellant, passed over the track where Pettis's engine was wrecked about an hour before it occurred.  Pettis was the only witness that saw the track after Morgan's train passed over it, until after the wreck.  He states that he discovered that the track was torn up, and the rails spread out of line on the right hand side, before he reached the switch.  The track was in apparently good condition before Morgan's train passed over it. The charge of the court was in substance, that the track was torn up and rendered defective by the preceding train, and the

derailment of the engine was caused thereby; and a sufficient time did not intervene from the happening of this for defendant's track men to have had notice of it before Pettis's train passed over the track, defendant could not be held for damages; nor would it be liable for the negligence of an employe directed to carry the signal of danger to plaintiff. If these propositions are correct, the judgment should be reversed, as not over an hour intervened between the passage of the two trains, the time being before daylight in the morning. But we can not subscribe to the doctrine enunciated by the court, without qualification, as applied to the facts in this case. If the passage of the preceding train tore up a reasonably safe and sound track and rendered it defective, we do not think appellants could be held liable; but if the ties were rotten, and the weight of the preceding train caused the track to spread and become unsafe and the permitting of rotten ties to remain in the road bed was an act of negligence, defendant would be wanting in its duty to furnish a reasonably safe track for its servants; and the fact that the passage of the preceding train developed the unsafe condition of the road bed would be no defense to the action.

We are also of opinion that if appellee was guilty of negligence in not furnishing a safe road bed, this must be held to be the proximate cause of appellee's injuries, under the facts proven; and if appellant's servants were negligent in not notifying appellee of the danger in time for him to avert it, this would not excuse the negligence of appellant. (Pierce on Railroads, p. 379.) If the law given in charge to the jury on this branch of the case was incorrect, but the jury nevertheless came to a correct conclusion, the verdict will not be disturbed. (Wright v. Wright, 6 Texas, 23; Merriweather v. Dixon, 28 Texas, 19; Houston & Texas Central Railway Company v. Marcelles, 59 Texas, 334.)

It is contended that the verdict of the jury is contrary to the evidence, because it was shown that the switch and track had been put in good order only two days before, and thoroughly inspected at that time by the road master and section foreman; and that the track was torn up and the switch broken by Morgan's train or a cable and hook that was attached to it. It is true that there was evidence tending to support this theory; but there was also testimony tending to show there were rotten ties in the track, and, if a fact, a thorough inspection would have

disclosed them.   It was proven that rotten ties in a track will cause it to spread and get out of line.

It is also claimed that appellee was guilty of contributory negligence in running his train at too great a rate of speed over the switch, in violation of orders, and thus contributing to his injury.   The rules of the company do not definitely limit the speed of a train in passing over a switch, but require that the speed be lowered.   There was a conflict in the evidence as to the rate of speed a mixed train was authorized by the rules of appellant to be run; and there was evidence that no rule was adhered to by those in authority, at all times.   There was also a difference in the opinion of the witnesses as to whether appellee was running his engine at too great a speed at the time of the accident.   It was shown that he had lessened the speed, and it was also shown that he was a sober, prudent man.   The jury found that he was not guilty of contributory negligence; and there is evidence to support the finding.   Every issue in the case was closely contested on both sides, and in our judgment there was testimony enough on either side to justify a finding either way, and no such preponderance as would authorize a reversal of the judgment under the rules of this court (East Line & Red River Railroad Company v. Smith, 65 Texas, 167; Texas & Pacific Railway Company v. O'Donnell, 58 Texas, 27.)

We therefore report that it should be affirmed.

*Affirmed.*

Opinion adopted January 31, 1888.