GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
P. J. LOONIE.

No. 7089.

**Notice of Importance of Telegraphic Message—Damages.**—A contractor for the building of a court house in Bosque County was under necessity of buying material, and went to Chicago for that purpose. Before starting he informed the local telegraph operator of the purpose of his journey, and that he would telegraph to his brother touching the sending of the specifications to him. July 3 he telegraphed from Kirkwood, Missouri, that the specifications be forwarded to him at the Palmer House, Chicago. He reached Chicago July 7 and remained there until the 13th, but did not receive the specifications. He made several provisional contracts for material, but could not complete them in absence of the specifications. He returned home, and the dispatch was delivered July 19. In August he returned to Chicago, but could not buy the materials needed at the prices given him in July. He sued the defendant, owner of the telegraph company, for damages. *Held:*

1. The contracts the plaintiff made while in Chicago, with details of prices, etc., and the rise in prices in August, were relevant. They could have been anticipated from the notice of the purpose of his mission to Chicago, of which the operator had notice.

2. In order to be entitled to damages from the advance in material from the delay it was incumbent upon plaintiff to show that he had sustained the damages within such a time as by use of reasonable diligence he could have had the plans and specifications forwarded him. The rise was not so shown, and it was error to refuse an instruction as to the effect of the plaintiff's delay in buying as affecting the measure of damages.

APPEAL from Bosque. Tried below before Hon. J. M. HALL.
The opinion states the case.

*J. W. Terry,* for appellant.—1. To authorize a recovery of special damages for the delay in the delivery of a message the telegraph company must have had notice, either from the face of the message or otherwise, at the time of receiving it, of the circumstances out of which

the special damages might arise.    In other words, the fact that such special damages might follow must have been in the reasonable contemplation of the telegraph company at the time of receiving the message.    Daniel v. Tel. Co., 61 Texas, 456, and authorities cited; Gray on Com. by Tel., secs. 80–93; Hadley v. Baxendale, 9 Exch., 341.

2.    The court erred in refusing to give the third special charge requested by this defendant.    [See opinion.]    Field on Dam., secs. 126–133; Brandon v. Mfg. Co., 51 Texas, 128.

*H. S. Lumpkin*, for appellee, cited Tel. Co. v. Bertim, 1 Ct. App. C. C., sec. 1152; 3 Suth. on Dam., 298, 305–307; 2 Thomp. on Neg., secs. 13, 14.

GARRETT, PRESIDING JUDGE, *Section B.*—P. J. Loonie brought this suit against the Gulf, Colorado & Santa Fe Railway Company and Western Union Telegraph Company to recover damages for negligent delay in the delivery of a telegram.    The case was tried by a jury, and, after dismissal as to the Western Union Telegraph Company, a verdict was rendered in favor of the plaintiff as follows:

"We the jury find for plaintiff against the Gulf, Colorado & Santa Fe Railway Company the following amounts, to-wit:

| | |
|---|---:|
| "Amount paid for telegram | $  0.75 |
| "Number of days lost, seven, at $20 per day | 140.00 |
| "Amount of expenses and railway fare | 55.00 |
| "Extra costs paid for material | 350.00 |
| "Total | $545.75" |

Upon which verdict judgment was entered.    Defendant moved for a new trial, and motion was overruled, and case has been properly appealed.

Plaintiff was at the time the cause of action arose contractor for the building of the Bosque County court house in accordance with certain plans and specifications.    About July 1, 1886, he started to Chicago to contract for certain material to be used in the construction of said court house.    At the time he had a number of men in his employment, and the house was in the course of construction.    He left his brother James Loonie in charge of the building, but before he left for Chicago he told W. D. Mathis, the local agent and telegraph operator in defendant's office at Meridian, that he was going north to get the material to finish the court house; that he had left his brother James Loonie in charge of the work and the plans and specifications of the court house; that he would need the plans and specifications for the manufacturers to see in order that they could make the required material; that he would telegraph back to his brother James Loonie for them; and that

he (Mathis) must deliver all telegrams to James Loonie in plaintiff's absence.   Plaintiff telegraphed en route as follows:

"KIRKWOOD, Mo., July 3, 1886.

*"To Jas. Loonie, Meridian, Bosque County, Texas:*

"Send me by express to Palmer House, Chicago, front elevation, plans, and entire specifications.   All well.          "P. J. LOONIE."

This telegram was delivered to the operator in charge of the Western Union telegraph office at Kirkwood, Mo., and 75 cents was paid by plaintiff for its transmission.   He told the operator that the telegram was important, and to push it through.   Plaintiff then accompanied his wife, who was with him, to Elmira, N. Y., where he left her and went to Chicago.   He got to the Palmer House about July 7. The plans and specifications had not arrived, and he waited for them four days.   In another connection he stated that he was there from about the 7th to the 13th of July.

In the meantime plaintiff, who had with him a partial description of the house, and from study of the plans and specifications about knew them, saw the De Borne Manufacturing Company and explained to them the iron stairs and the size and dimensions thereof, and they agreed to make them for him; but said they would not enter into a written contract until they could see the plans, elevations, and specifications of the court house.   He saw Palmer, Fuller & Co., manufacturers, and made a trade with them to furnish the doors, sash, and blinds for the building, but they also refused to begin work until they could get the plans, elevations, and specifications.   He saw also and contracted with Ziegler Bros., hardware men, for the iron and hardware, and explained to them the plans and specifications, and they agreed at a certain price to furnish the hardware.   After plaintiff saw that the manufacturers would not commence work until they could get the plans and specifications of the court house, he returned to Meridian, Texas, and arrived there on July 18.   He found that the telegram had not been delivered, and immediately commenced to trace it.   It was ascertained that the telegram had been sent at once by the Western Union Company from Kirkwood, Mo., to Fort Worth, Texas, and immediately transferred to Meridian, to said W. D. Mathis, local operator for the defendant.   The investigation resulted in the delivery of the telegram to Jas. Loonie by W. D. Mathis on July 19.

Plaintiff testified that on account of the failure to receive the plans and specifications while in Chicago he was prevented from carrying out his contracts for the manufacture of the material which he needed, and that when he returned to Chicago and contracted for the material in the latter part of August the persons with whom he had provisionally contracted had sprung on their prices, and forced him to pay, in addition to his first agreement, $200 for the doors, sash, and blinds, $150

for the hardware and iron work, and $300 for the stairways; which he would not have had to pay if he had received the plans and specifications in time, as the prices had advanced; that he had paid out in cash for railway fare in returning to Meridian and back again $70; and that he had lost ten days' time, which was worth to him $50 a day.

Omitting that portion of the charge to which the verdict does not respond, the court instructed the jury as to the measure of damages as follows:

"1.   The amount he paid to have said message sent to Jas. Loonie, at Meridian, Bosque County, Texas.

"2.   The value of the services of plaintiff for any time he may have been compelled to lose by reason of such negligent failure, if any, to deliver said telegram.

"3.   If you find that the plaintiff was engaged in constructing the court house in said Bosque County, as he alleges in his petition, and that it was necessary for him to purchase certain material for the completion of said building, as charged in the petition, and shall further find that he was compelled to pay more for said material on account of the failure to deliver said telegram in due time, as plaintiff alleges, then you will find for plaintiff as damages the difference between the price at which plaintiff could have purchased said material if said telegram had been delivered in reasonable time, and the price, if any, plaintiff was forced to pay for said material by reason of the negligent failure, if any, to deliver said telegram in a reasonable time."

Appellant requested the following special charge, which was refused:  "You are charged that there being no evidence that during the pendency of the transaction concerning the telegram the defendant company had notice of the contracts which the plaintiff testified he made in Chicago for the sash, doors, and blinds, galvanized iron work and stairways, you should not allow damages on account of the failure of the plaintiff, by the delay in the telegram, to secure the performance of such contracts, and consequently having to pay more than such contract prices for the material or work contracted for."

The testimony of the plaintiff with reference to his provisional contracts in Chicago for the material was objected to by the defendant, on the ground that "defendant at no time during the pendency of the transaction concerning the telegram, the alleged delay in the delivery of which is the basis of this suit, had notice of the making of the above mentioned contracts by the plaintiff, and hence the same were not a proper basis for damages in this suit; and further, that the damages claimed on account of said contracts are remote, speculative, and uncertain."  A bill of exception was saved to its admission; all of which has been assigned as error by the appellant, who submits this proposition:  "To authorize a recovery of special damages for the delay in the delivery of a message the telegraph company must have had notice,

either from the face of the message or otherwise, at the time of receiving it, of the circumstances out of which the special damages might arise. In other words, the fact that such special damages might follow must have been in the reasonable contemplation of the telegraph company at the time of receiving the message."

We think there was no error here. The charge of the court as above quoted submits the correct general rule for the ascertainment of the damages sustained by the plaintiff. They are such as naturally arise from the breach of the contract, or such as may reasonably be supposed to have been in contemplation of both parties at the time they made the contract as to the probable result of the breach of it. Daniel v. Tel. Co., 61 Texas, 456. It is shown by the evidence that Mathis, the defendant's operator at Meridian, knew of the importance of the telegram, and understood its nature and purpose, and he should have reasonably anticipated that the plaintiff would be waiting in Chicago for the plans and specifications, if he should fail to deliver the telegram, and that his delay would be attended with the loss of time and a probable advance in the prices of the material, which the operator knew plaintiff had gone to purchase.

Plaintiff having gone to Chicago for the purpose of procuring the material, and having so informed Mathis, defendant's operator, it was not error to admit evidence that plaintiff had contracted conditionally for the material at a stipulated price, although subsequently to the notice to the defendant, because such contracts might have reasonably been anticipated in the nature of the case. 1 Sedg. Meas. Dam., 7 ed., p. 239. Hence it was not error to also refuse the special charge asked by the defendant.

But the appellant requested a special charge as to the duty of the plaintiff to exercise care and diligence to avoid loss, which was refused by the court and is made the basis of an assignment of error. It was as follows:

"Where a party has been damaged by the wrong of another it is the duty of such party to use reasonable efforts and reasonable diligence—that is, such diligence as a reasonably prudent man would use under similar circumstances—to avoid or lessen his damages; and if you believe from the evidence that after Loonie had telegraphed for the plans and specifications at Kirkwood, July 3, 1886, he reached Chicago on July 7, and that by that time, in the usual course of business, the plans and specifications called for by the telegram ought to have reached Chicago, and that they had not then reached Chicago; and you further believe under those circumstances a business man of reasonable prudence and caution would have sent another telegram to his agent at Meridian for the plans and specifications, and that if such a telegram had been sent by Loonie to his agent at Meridian, that in answer thereto the plans and specifications would have reached plaintiff be-

fore he left Chicago in time for plaintiff to have consummated his transactions in respect thereto, then you are charged that if you find for plaintiff at all you can only allow him compensation for the value of his time and expenses during the extra time he would have been kept in Chicago on account of the delay."

This instruction limited the plaintiff's right of recovery to compensation for the value of his time and expenses during the extra time he would have been kept in Chicago on account of the delay, and ignored his right to recover for the difference in the price of material resulting from such delay. But it was incumbent upon the plaintiff to show that he had sustained damages by reason of an advance in the price of material within such a time as by the use of reasonable diligence he could have had the plans and specifications forwarded to him. This he failed to do. It was the latter part of August before he finally contracted for the material; and although plaintiff testified in general terms that he had sustained damages in certain sums, which he named, by reason of the failure of the defendant to deliver the telegram, it is not shown by any evidence that any loss would have been sustained had the plaintiff telegraphed again for the plans and specifications and awaited in Chicago for their arrival, or that there was any advance in price of material until more than a month after he could have had the plans and specifications by the use of reasonable diligence. There having been no testimony showing loss within such reasonable time, the special instruction requested by the defendant was pertinent and should have been given; and for the error of the court in refusing it the judgment should be reversed.

The evidence in the case was sufficient to warrant the finding that the defendant undertook to send the message in question; and the refusal of defendant's request for a special instruction to the contrary was not error.

We think that the points involved in appellant's twelfth assignment of error have already been practically disposed of, and do not require any further notice.

The judgment of the court below should be reversed and the cause remanded for another trial, and we so report.

*Reversed and remanded.*