# SECOND DISTRICT, 1895.

---

## S. W. CRUTCHER v. W. E. SCHICK.

### No. 1819.

1. **Parol Evidence Affecting Written Agreement.**—A verbal agreement by a vendor of machinery, that he or one S. would furnish certain repairs, is not inconsistent with a written agreement by S. to make the repairs, so as to render evidence in support of the former inadmissible as varying the terms of the latter.

2. **Charge of Court—Burden of Proof—False Representations.**—Where, in an action to set aside a sale for fraud, a previous paragraph of the court's charge has already submitted the issue of the existence of the fraudulent representations alleged, an instruction that the burden is on plaintiff to prove such false representations by a preponderance of evidence is not erroneous as assuming the existence of the false representations.

3. **Same.**—So, where the charge has thus submitted the issue of false representations and imposed the burden of proof on plaintiff, an instruction requiring the jury, if they find that there was no false representations made by the defendant, or that plaintiff did not rely on them, or on discovering their falsity did not within a reasonable time rescind the contract, to find for defendant, is not erroneous as relieving plaintiff of the burden of proving the false representations.

4. **Fraudulent Sale—Presumption from Buyer's Examination of the Property.**—Where a purchaser of machinery examined the same, but stated while making the examination that he had no knowledge of machinery, and did not rely on his examination, but on the representations of the seller, the court properly refused a charge, that if the purchaser personally examined the property the presumption was that he relied on his own judgment, and not on the representations of the seller.

5. **Reformation of Judgment During Term.**—The fact that notice of appeal has been given does not deprive the court of control over its judgment, which it may reform at any time during the term in any respect authorized by the pleadings and not involved in the verdict of the jury, or of necessary submission to the jury.

6. **Same—Offer to Allow Reformation.**—Error of the court in rejecting evidence of an item of payment made and pleaded by defendant will not be held ground for reversal, where, upon the hearing of the motion for new trial setting up such error,

the plaintiff admits the claim of defendant for such item and agrees that the judgment may be reformed accordingly, which plaintiff declines.

APPEAL from Nolan. Tried below before Hon. WM. KENNEDY.

*R. C. Crane, Cowan & Fisher*, and *C. R. Breedlove*, for appellant.

The court erred in refusing defendant's requested charge, that if the plaintiff W. E. Schick examined the machinery in question for himself and had opportunity to, and did examine the same for himself, and that the defendant Crutcher did in no manner prevent him from making a full examination thereof, the presumption of law would be that Schick relied upon his own judgment in making the purchase of the machinery in question. Farrar v. Churchill, 135 U. S., 34; Southern Dev. Co. v. Silva, 125 U. S., 247; Waterm. Spec. Per. Con., secs. 312, 314–316; Grabenheimer v. Blum, 63 Texas, 374; Dickson v. Knox, 71 Iowa, 78.

*W. W. & J. H. Beall*, for appellee.—The special charge requested was not the law of the case, because it virtually charged the jury that if appellee had an opportunity to examine the machinery and did examine it, and was not prevented from examining it, that it was a presumption of law that he bought it upon his own judgment, and that they should find for appellant regardless of rebutting testimony, appellee's ignorance of machinery, or false representation however fraudulent and whether relied upon by appellee or not in making the purchase. Bish. on Con., 217, 218; Stacy v. Rose, 27 Texas, 3; Brownson v. Scanlan, 59 Texas, 222; 1 W. & W. C. C., 1006; 2 Willson C. C., 145; Railway v. Mitchell, 2 Willson C. C., 373.

TARLTON, CHIEF JUSTICE.—This is an injunction proceeding whereby the appellee sought to enjoin the sale of certain property in foreclosure of a deed of trust executed by him to the appellant to secure the payment of two promissory notes, each for the sum of $600.

The suit may be described as an action to rescind and cancel a contract for the purchase by the appellee of the appellant of certain machinery, in consideration of which the appellee executed the two promissory notes referred to, secured by the deed of trust, which covered the machinery and also certain real estate owned by the appellee. The ground for the rescission prayed for is, that the sale by the appellant to the appellee was brought about by false representations made by the former to the latter concerning the quality of the machinery.

From a verdict and judgment in favor of the appellee, this appeal is prosecuted.

In accordance with the verdict of the jury, we find the following conclusions of facts:

The appellant, S. W. Crutcher, on June 2, 1890, sold to the appellee, W. E. Schick, certain cotton gin machinery, consisting of an engine,

boiler, and other machinery described in plaintiff's petition, in consideration of which the appellee executed the promissory notes secured by the deed of trust as aforesaid. In making the sale, the appellant made to the appellee false representations with reference to the condition, kind, and quality of the property. These representations were believed by the appellee and relied on by him, and they moved and induced him to purchase the property, which otherwise he would not have bought. The representations were not the mere expression of an opinion or conjecture. Within a reasonable time after discovery by appellee that they were false, the appellee tendered back the property to the appellant, and notified the latter that he would rescind the contract.

*Opinion.*—The third paragraph of the court's charge is as follows: "If you [the jury] find from the evidence that the defendant represented to the plaintiff at the time of the trade that he or H. M. Cosper would furnish the plaintiff with such repairs as might be needed to put the machinery in running and working order, and that such representations operated as an inducement to the plaintiff in entering into the contract, and if you find that such repairs were not made, and you further find that within a reasonable time after such failure to repair the plaintiff tendered back the property, or offered to rescind the contract, you will find in favor of the plaintiff."

This instruction rests upon evidence to the effect that the plaintiff had verbally agreed at the time of the transaction to repair the defects referred to. There was also in evidence a written agreement on the part of H. M. Cosper, to whom the appellant had previously sold the property, whereby Cosper himself agreed to make the repairs.

It is contended by the appellant that the instruction above set out is erroneous, because this written agreement should be of controlling effect, and because any evidence tending to show that the appellant had made a verbal agreement would vary the terms of the written instrument. We do not so view the situation. The fact that Cosper entered into an undertaking in writing to make the repairs does not conflict with a verbal undertaking on the part of the appellant. No reason is perceived why the two obligations might not be concurrent, and wholly consistent. The first assignment of error is therefore overruled.

The fifth paragraph of the court's charge, which forms the subject of the second assignment of error, is as follows: "The burden of proof is upon plaintiff to prove to your satisfaction by a preponderance of the evidence the fact that the false representations or promises were made to him, that they were relied upon by him, and that on the discovery of their falseness he within a reasonable time repudiated the contract and so notified defendant; and if he failed to do so, you should find for the defendant."

This instruction is complained of on the ground that it assumes that false representations were made.

The instruction must be construed in connection with the preceding portions of the court's charge. When so construed, it is not, we think, fairly subject to the criticism stated. The first paragraph of the court's charge distinctly requires the finding by the jury that false representations were made, and submits to them this matter as a question of fact. Railway v. Pettis, 69 Texas, 689.

The fourth paragraph of the charge, of which complaint is made in the third assignment of error, reads as follows: "If you find that there were no material false representations made to Schick by Crutcher or his agent, if any, or by those, if any, acting with him, or if you find that such representations were not relied upon by Schick, or if you find that after he discovered the falsity of the representations or promises he failed to promptly notify Crutcher in a reasonable time of his intention to rescind said contract, in either of these events you will return a verdict for the defendant."

In view of the first paragraph of the court's charge, submitting the issue in an affirmative sense, and of the fifth paragraph, imposing specifically the burden upon the plaintiff, we do not think that the jury could reasonably have understood this paragraph to impose the burden of proof upon the defendant, instead of upon the plaintiff. Logically, the instruction complained of was to the effect that the jury would return a verdict for the defendant, if they should *fail* under the evidence to find the facts referred to.

In the fourth assignment complaint is made of the court's refusal to grant the following requested charge: "The jury are further charged, that if you believe from the evidence that the plaintiff W. E. Schick examined the machinery in question for himself before he purchased same, and that he had full opportunity to and did examine and inspect the same, and that the defendant Crutcher nor anyone acting for him in no way prevented him from making a full investigation, then the presumption of law is that plaintiff Schick relied upon his own judgment in purchasing the machinery, and not upon representations, if any, that defendant Crutcher may have made; and if you so believe from the evidence, you will return a verdict for the defendant."

The plaintiff Schick testified, that while he examined the machinery at the request of the appellant, such examination was made with the statement to the appellant that the plaintiff had no knowledge of machinery, and that he relied, not upon such an inspection, but upon the representations of appellee. Such being the state of the evidence, we think that the requested instruction was properly refused, as upon the weight thereof. Stooksbury v. Swan, 85 Texas, 563; Evans v. Goggan, 5 Texas Civ. App., 139.

The third special instruction, the refusal of which is complained of in the fifth assignment of error, was properly refused, because it was covered by the general charge of the court in the first and fourth

paragraphs thereof. It required a prompt repudiation of the contract upon discovery of the false representations by the appellant. This issue was properly submitted in the general charge of the court, as already indicated. The jury were therein required to find that the appellee promptly and within a reasonable time after discovery of the false representations, tendered back the property to the appellant, and notified him of the rescission. What constituted promptness and a reasonable time was a question of fact properly submitted to the jury, to be ascertained by them from the circumstances. Aultman v. York, 71 Texas, 263.

In this case the appellant filed a cross-bill, in which he set up the execution of the notes and the trust deed referred to, and prayed a foreclosure thereof. He also averred that on or before August 1, 1891, he paid to the State of Texas the interest due the State school fund on the section of land (included in the deed of trust), the plaintiff failing and refusing to pay the interest thus due, amounting to $61.85; that it was necessary to make the payment, to prevent the forfeiture of the land; and he prayed that if the sale should be set aside, the amount so paid by him as interest be decreed to be a lien on the premises, and that said sum be added to the notes, and that he have judgment for it, with foreclosure of the lien upon the land and machinery.

While the defendant was introducing evidence under this cross-bill, plaintiff objected, on the ground that the only issue before the court was on the plaintiff's cause of action, and as to the fraudulent character vel non of the sale of the machinery. The court sustained the objection, excluded from the consideration of the jury all evidence that defendant had up to that time introduced under his cross-bill, and informed the counsel for defendant that he would hear no further evidence in support thereof. In this action the court, according to an explanation appended to the bill of exceptions, overlooked the claim of the amount set up in defendant's cross-bill, paid to the State Treasurer as interest due the State. The court had in mind at the time the evidence which was being introduced by the defendant respecting the foreclosure of the deed of trust; and when the remark was made by it that no evidence would be heard on the cross-bill, defendant's attorney did not call the court's attention to the item of $61.85, and offered no proof upon that subject, nor did he refer to it until this matter was set up in his motion for a new trial. When there urged, plaintiff's counsel agreed that the court should enter judgment against plaintiff for the interest, $61.85, referred to, with a foreclosure of the lien to that amount. Upon this statement by the attorney for the plaintiff, the court overruled the motion for new trial. Thereafter, before the adjournment of the court, counsel for plaintiff in open court tendered $75 in money to the counsel for the defendant, as payment of the interest, all of which was refused.

The sixth assignment of error complains of the action of the court in sustaining the plaintiff's objection in the manner indicated to the

evidence in support of the allegations of the cross-bill.  In view of the fact that it is not made to appear, either in the bill of exceptions or in the motion for a new trial, that the defendant offered any proof or was able to make proof of the payment referred to, and of the further fact that the court was willing to enter judgment, with a foreclosure of the lien as prayed for, and of the further fact that a tender of the amount due was made by the plaintiff and refused by the defendant, we are unable to pronounce the action complained of prejudicial to the appellant.

The fact that the jury had failed in its verdict to consider this item would not, we think, have prevented an entry of the judgment in accordance with the offer made by plaintiff's attorney.  The judgment would have found support in the allegations of the defendant's cross-bill, and the action of the court would have been justified upon the admission then made by the plaintiff, doing away with any necessity of a submission of that question to the jury.  The fact that notice of appeal had been given did not deprive the court of control over the judgment.  It could, we think, at any time during its term, have reformed the judgment, without wholly setting it aside, in any respect not involved in the verdict of the jury and not of necessary submission to the jury, the judgment thus reformed being in conformity with the pleadings.  Blackburn v. Knight, 82 Texas, 326.

We can find in this action of the court no ground for reversal. Weaver v. Nugent, 72 Texas, 272.

We are unable to say that the evidence did not justify the finding on the part of the jury that the plaintiff gave notice of the repudiation of the contract, offering to return the property within a reasonable time after discovering the defects in the machinery.  The fact that he tried to secure a repairing of the machinery, and sought to place it in good working condition, during which time he operated it at a loss to himself, as shown by his testimony, which the jury evidently believed, would excuse the delay until November 1 after the date of the transaction, about which time he notified the appellant that he would not abide by the contract.  We thus overrule the seventh assignment of error, complaining of the verdict of the jury in the respect indicated.

The letter from the appellee to the appellant, relied upon in the motion for a new trial as newly-discovered evidence, does not impress us as so material as to require that the court should set aside the verdict.

We do not think that it contradicts in any material sense the testimony of the plaintiff.

These conclusions require an affirmance of the judgment, which is accordingly ordered.

*Affirmed.*

Delivered June 5, 1895.