## McINDOO et al. v. WOOD et al.

(Court of Civil Appeals of Texas. San Antonio.
Dec. 17, 1913. Rehearing Denied
Jan. 14, 1914.)

1. HOMESTEAD (§ 131*) — CONVEYANCE—SUITS
TO SET ASIDE—EVIDENCE—ADMISSIBILITY.

A grantor suing to set aside a conveyance procured by the fraud of the grantee may show that the property conveyed was his homestead and so describe it when testifying concerning the transaction.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 235–243; Dec. Dig. § 131.*]

2. APPEAL AND ERROR (§ 216*)—PRESENTATION OF GROUNDS — INSTRUCTIONS — REQUESTS—NECESSITY.

A party complaining of an omission in a charge must request a special charge to supply the omission or he cannot complain on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. § 627.]

3. TRIAL (§ 251*)—INSTRUCTIONS—MISLEADING INSTRUCTIONS.

Where the petition, in a suit to set aside a deed, was based on a fraudulent concealment of facts, an instruction submitting the issue as to concealed facts was not misleading, whether the word "concealment" was used in the petition or not.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 587–595; Dec. Dig. § 251.*]

4. TRIAL (§ 205*)—INSTRUCTIONS—BURDEN OF PROOF.

Where, in an action to set aside a deed on the ground of fraud, the court charged that plaintiff had the burden of proving the material allegations of the petition by a preponderance of the evidence, a charge directing a recovery for defendant if certain facts were not established was not objectionable as leading the jury to believe that defendant had the burden of proof.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 496; Dec. Dig. § 205.*]

5. EXCHANGE OF PROPERTY (§ 5*) — FRAUD — ACTS CONSTITUTING—CONCEALMENT.

One exchanging his stock of merchandise for real estate, who, to induce the exchange, represented that there were no debts against the stock but said nothing about numerous debts against it, was guilty of concealing facts constituting fraud, authorizing a rescission at the suit of the former owner of the real estate.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 5, 6, 8–10; Dec. Dig. § 5.*]

6. FRAUD (§ 58*) — EVIDENCE — CIRCUMSTANTIAL EVIDENCE.

Fraud may be proved by circumstances.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 55–59; Dec. Dig. § 58.*]

7. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL OF INSTRUCTIONS COVERED BY THE CHARGE GIVEN.

It is not error to refuse requested charges embodied, as far as correct, in the instructions given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

8. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—STATEMENTS—REQUISITES.

An assignment of error complaining of the rulings on evidence will not be considered where the statement does not give the substance of the testimony with correct references to the pages in the transcript.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

9. EXCHANGE OF PROPERTY (§ 5*)—RESCISSION —FRAUD—CONDITIONS PRECEDENT.

Where a grantor of real estate, in consideration of a stock of merchandise, sought to set aside the conveyance on the ground of fraud, based on the fact that the stock was incumbered, and testified that the money he had taken in for goods sold had been used to purchase goods which he left in the store when he returned the same to the grantee, the grantor did all that was required of him to obtain relief.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 5, 6, 8–10; Dec. Dig. § 5.*]

10. APPEAL AND ERROR (§ 742*)—QUESTIONS REVIEWABLE — ASSIGNMENTS OF ERROR — SUFFICIENCY.

An assignment that the court erred in not granting a new trial because of errors pointed out in the amended motion for new trial is too general to be considered when unaided by proposition or statement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

11. EXCHANGE OF PROPERTY (§ 8*)—RESCISSION—LACHES.

One exchanging his real estate for a stock of merchandise, who seeks a cancellation of the transaction within two days of the discovery of the fraud of the adverse party, who by stealth obtained possession of the deed of the real estate, acted promptly, and his right to relief could not be denied on the ground of laches; the adverse party not being placed in any worse condition by the delay.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 14–18; Dec. Dig. § 8.*]

12. CANCELLATION OF INSTRUMENTS (§ 22*)— DEEDS—DEMAND—NECESSITY.

A grantor seeking to set aside his deed, because induced by fraud, need not make a formal demand for rescission where, on discovering the fraud, he complained of it and asked to be protected by the grantee.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. § 30; Dec. Dig. § 22.*]

13. CANCELLATION OF INSTRUMENTS (§ 24*)— DEEDS—CONDITION PRECEDENT.

Where a grantee obtaining a deed by fraud paid interest on an incumbrance on the land long after the institution of the suit by the grantor to set aside the conveyance, the sum paid was not in equity connected with a rescission, and the grantor was entitled to relief without paying to the grantee that sum.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 33–38; Dec. Dig. § 24.*]

Appeal from District Court, Jim Wells County; W. B. Hopkins, Judge.

Action by R. N. Wood and others against Mettie McIndoo and another. From a judgment for defendants, plaintiffs appeal. Affirmed.

Suttle & Todd, G. R. Scott, and Boone & Pope, all of Corpus Christi, and L. Broeter, of Alice, for appellants. W. R. Perkins, and J. E. Leslie, both of Alice, for appellees.

FLY, C. J. R. N. Wood and his wife, S. M. Wood, instituted suit against Mettie Mc-

Indoo and W. C. McIndoo to cancel a certain deed to 25 acres of land, near the town of Alice, Jim Wells county, which, it was alleged, was obtained by fraud and deception on the part of appellants in misrepresenting the value of certain groceries, and that there were no debts against them. The cause was tried by jury and resulted in a verdict and judgment in favor of appellees.

It was shown by the evidence that appellees owned the land in question and appellants owned a stock of groceries in Corpus Christi; that the land was of the value of $2,500, upon which land there was a vendor's lien in the sum of $800, and it was agreed beween the parties that appellees would give the land for the groceries and $800 which was to be paid by appellants on the vendor's lien note. Appellants represented to appellees that the groceries were free from all incumbrances, stating that they did not owe anything whatever. After the trade was made, appellees ascertained that all the goods were not paid for and that there were a number of outstanding debts due by appellants, and there was a mortgage on the fixtures included in the trade. There was a judgment in force against appellants. Appellants admitted owing a number of debts but denied making the representations to appellees that they owed nothing. As soon as appellees discovered the existence of the debts, they delivered possession of the goods to the agent of appellants. Appellees were in possession of the goods about two days. The goods were attached by a creditor of appellants after the exchange with appellees. Appellants were greatly involved at the time they represented to appellees that they owed nothing. The facts clearly showed that appellees were deceived by appellants and overreached in the exchange of the properties. The deed had not been delivered to appellants by appellees but was secured by fraud by appellants and the land taken possession of.

[1] The petition, while more prolix than was necessary, stated a cause of action and was not open to the attacks made upon it by appellants. It clearly appears from the petition that appellants had perpetrated a fraud on appellees and thereby induced them to make a conveyance to their homestead. We see no reason why they should not call the place in controversy their homestead, if it held that character, and describe it as the only property they had when testifying about it. There is nothing in the record that indicates that the jury were prejudiced by that testimony or any other. The evidence amply sustained the verdict. The first, second, and third assignments of error are therefore overruled.

[2, 3] The fourth assignment complains of some matter contained in the first paragraph of the charge of the court, but it is not stated in the assignment or the propositions what the specific objections to the charge were.

If the complaint was about a matter of omission, as seems to be the contention in the first proposition, then appellants should have sought to correct the charge with a special charge. The second proposition seems to have in view that an issue was submitted as to concealed facts about which it is stated there was no allegation in the petition. The proposition is not clear, and it is not illuminated by the statement, but we will state that the charge is not open to the objections urged to it. The whole petition was based on fraud, in the concealment of certain facts, whether the word "concealment" was used in the petition or not. The language of the charge could not have misled the jury.

[4] The charge complained of in the fifth assignment of error does shift the burden of proof from appellees to appellants. It negatively presented the defenses, but of that appellants do not complain. In another paragraph of the charge the jury were instructed to find for appellees if they found the same facts, negatively presented, had been proved by them, and the paragraph of which complaint is made instructed the jury that if those facts were not established, naming them, then they should find for appellants. In a succeeding paragraph the burden was placed on appellees to prove the material allegations by a preponderance of the evidence. In a similar case the Court of Civil Appeals of the Second District held: "In view of the first paragraph of the court's charge, submitting the issue in an affirmative sense, and of the fifth paragraph imposing the burden specifically upon the plaintiff, we do not think that the jury could reasonably have understood this paragraph to impose the burden of proof upon the defendant instead of upon the plaintiff. Logically the instruction complained of was to the effect that the jury would return a verdict for the defendant, if they should fail under the evidence to find the facts referred to." Crutcher v. Schick, 10 Tex. Civ. App. 676, 32 S. W. 75.

[5, 6] The concealment of facts was raised by pleading and proof, and there was no error in the first special instruction requested by appellees and given by the court. Appellants not only represented to appellees that there were no debts, but if, as alleged and testified by them, they said nothing about the many debts hanging over the goods, they were guilty of concealing facts which constituted fraud. It was admitted in the answer and shown by the uncontroverted facts that the property was incumbered with numerous debts. Of course it cannot reasonably be contended that fraud cannot be proved by circumstances. The sixth and seventh assignments of error are overruled.

[7] The law of the case was given in the charge of the court and in special charges, and, the requested charges, so far as they contained the law, having been given, it was not error to reject the requested charges.

We therefore overrule the eighth, ninth, tenth, and eleventh assignments of error.

The trade between the parties upon the basis that the goods were worth at least $1,700, and if appellants knew of the existence of debts against the property or for which it could be held liable, they knowingly perpetrated a fraud upon appellees, whether they remained silent about the debts or falsely represented that there were none. In either case they should not be permitted to profit by their fraudulent conduct. It flies in the face of reason and common sense to imagine that appellees would have traded their home of the value of $2,500 for groceries worth $1,700 and loaded with debts amounting to $600 or $700. If appellants had desired to act in a fair and honest way, they would have disclosed the existence of the debts so that appellees could have dealt with them on equal terms. On the other hand, they concealed them.

[8] The twelfth and thirteenth assignments of error are overruled. If appellees took any of the proceeds of any sale of groceries made while they were in possession, the statement of appellants fails to indicate what the amount may have been. Reference to the transcript of the evidence on pages "16–42" and "101–144" does not conform to the rules. The statement should have given the substance of the testimony with a reference to the page on which it could be found. There is nothing on pages 16, 42, 101, or 144 about the appropriation of the proceeds of sales by appellees. This court has neither the time nor inclination to read 75 or 80 pages of the transcript of the evidence to discover testimony that should have been specifically pointed out by appellants. The substance of the rejected charges, contained in the two assignments under consideration, was given in the eighth special charge requested by appellants.

[9] Appellees remained in charge of the goods long enough to fully ascertain that they were incumbered with debts, a judgment, and mortgage liens, and Wood swore that there was no money that he had taken in for the goods to be turned over to appellants except a few cents. What money he received he used to purchase goods which he left in the store when he returned the goods to appellants. He did all that was required of him, in connection with the goods. The fourteenth and fifteenth assignments of error are overruled.

[10] The sixteenth assignment of error is as follows: "The court erred in not granting defendants a new trial herein, because of the errors pointed out in the amended motion for a new trial." It is too general to be considered and is not aided by proposition or statement.

[11] The cancellation of the deed and rescission of the contract were asked before the deed was delivered, or rather stealthily obtained by appellants, and within two days of the time the fraud was discovered. They could not have acted more promptly, and appellants were not placed in any worse condition by the two days' delay, one of which was Sunday. Railway v. Cade, 93 S. W. 124.

[12] Appellees acted as soon as they discovered the existence of the debts, which was on Friday, the first day they were in possession of the goods. No formal demand for rescission was necessary, because appellees, as soon as they discovered the fraud, complained of it and asked to be protected by appellants. Cabaness v. Holland, 19 Tex. Civ. App. 383, 47 S. W. 379.

[13] If appellants paid interest on the debt of $800, a part of the purchase money on appellees' land, they did it long after this suit was instituted, and the sum paid by them was not an equity connected with the rescission of the exchange of property. Appellees are no doubt indebted to them in any sum paid as interest on the debt, but it is not a matter connected with the rescission.

The judgment is affirmed.