No. 619½

C. AULTMAN & CO. *v.* H. K. YORK ET AL.

1. FRAUD—REPRESENTATION OF AGENT.—Declarations of agents making sale of personal property as to its qualities, etc., bind the principal.
2. FRAUD—RESCISSION.—It is elementary that, if a purchaser is defrauded in buying machinery, on discovery of the worthlessness of the article for the purpose intended, he has the right to rescind the contract—such right to be exercised promptly and the machine returned within reasonable time.

APPEAL from Lampasas. Tried below before the Hon. W. A. Blackburn.

This is an appeal from a judgment denying the right to recover upon certain promissory notes executed for a threshing machine. The defense was that the machine was worthless, and had been returned to the agents of plaintiff, which agents had made the sale and had represented the thresher to be "as good as any of the kind in the United States."

*Acker & Abney,* for appellant, cited Lemmon v. Hanley, 28 Texas, 224; Stark v. Alford, 49 Texas, 275; Anding v. Perkins, 29 Texas, 348; Milliken v. Smoot, 64 Texas, 173; Sedgwick on Damages, seventh edition, 613; Benjamin on Sales, third American edition, section 452; Addison on Contracts, section 273; Gonzales College v. McHugh, 26 Texas, 677; same case, 39 Texas, 348; 1 Greenleaf on Evidence, sections 113, 114, 74; Brantley v. Thomas, 22 Texas, 70.

*Mathews & Wood,* for appellees, cited Palmer v. Wilks, 17 Texas, 106; Haldeman v. Chambers, 19 Texas, 40; Kimball v. Vroman, 35 Michigan, 310; Baker v. Lever, 67 New York, 304; Wintz v. Morrison, 17 Texas, 387; Mundorff v. Wickersham, 63 Pennsylvania State, 87; Bennett v. Judson, 21 New York, 238; Henderson v. Railroad Company, 17 Texas, 560.

WALKER, ASSOCIATE JUSTICE. This was a suit on three promissory notes made by defendants to plaintiffs for a thresh-

ing machine. One hundred dollars of the price was paid cash. The agents handling the machine, Low & Low, through whom the sale was made, seem to have represented, at the time of the sale, the machine to be "as good as any of the same size and made for same purpose in the United States." The defendants received it July 1, 1884, and kept it until October 4 thereafter, when they returned it to the agents, claiming that it was entirely worthless as a threshing machine.

The defendants pleaded failure of consideration—alleging that it was worthless—pleaded in reconvention damages for outlay in money, etc., in efforts to use the machine. This claim was stricket out on exceptions because barred by limitations of two years when pleaded.

On the trial defendants and others testified that the machine would not make running expenses while defendants were running it. Several machinists testified to putting it in order and that when each left it it worked well. The next season the machine was loaned out by the agents for trial, and without any repairs, save tightening some screws and bolts and readjusting parts out of place, the machine, for thirteen consecutive days, as long as used, did fairly good work, threshing over three hundred bushels per day besides time lost in moving from place to place.

The charge submitted the issue tendered by defendants that the machine was entirely worthless as a thresher. Nothing in the charge advised the jury of the duty of the buyer within reasonable time after discovering defects in his purchase to return it, on wishing to rescind the contract; nor was any charge asked on the subject.

The plaintiffs asked a charge that the testimony should show the agency of Low & Low before their declarations would bind the plaintiffs.

The verdict was for the defendants, denying recovery of the notes sued on and for recovery of the cash payment.

Objections urged by plaintiffs to testimony of several witnesses to the imperfect working of the machine on various occasions while in possession of defendants are not well taken. The testimony was admissible, its effect to be considered by the jury; the question, however, being as to the qualities of the machine as a thresher at its delivery to defendants.

The omission in the charge should have been remedied by asking an appropriate charge on the trial.

If Low & Low had authority to sell the machine their acts and declarations in making the sale were binding on the principal for whom they made the sale. (17 Texas, 560; Fry on Specific Performance, 632 and note.) Under the testimony, which was undisputed as to the acts and declarations of Low & Low, it was not error to refuse the charge; that "before the jury can hold the plaintiff as bound by any statement or declaration made by other persons, the jury must find from the evidence that such person or persons were the agents of plaintiff and authorized to make such statements."

It is elementary that if defendants were defrauded in their purchase of the threshing machine, on the discovery of its worthlessness they had the right to rescind the contract, the right to be exercised promptly, the machine to be returned within reasonable time; what was reasonable time to be ascertained from the circumstances.

The unusual length of time during which the machine was kept by defendants; that there is evidence that it had not been carefully handled; and that the next season without substantial repairs the machine did good work, is strongly persuasive that the failure of the thresher while in the hands of the defendants was not alone or principally due to its defects but to the want of proper skill and care on the part of those running it.

We are not advised of what degree of skill or care may be necessary to run with success a machine such as this. We may well assume that it is not self-adjusting nor so perfect as to run without rational management and control. The testimony for defendants fails to show more than that they could not or did not make the machine a success while they had it; while the testimony is undisputed that with proper care it did good work the next season. The testimony does not sustain the verdict.

The motion for a new trial should have been sustained. Because the verdict is not in accordance with the testimony the judgment below is reversed and cause remanded.

*Reversed and remanded.*

Opinion delivered June 22, 1889.