OTTO HEINZE & CO. V. M. MARX ET AL.

No. 50.

**Sale of Goods on Credit — Fraud of Vendees — Right of Vendor to Rescind — Trial of the Right to Property.** — The vendees, by making false and fraudulent representations as to their solvency, with the design of defrauding the vendors who acted upon such representations, believing them to be true, purchased upon a credit and obtained possession of a bill of merchandise. Afterwards, other creditors severally instituted suits against the vendees, and caused property of the vendees, including a portion of the bill of merchandise, to be seized under writs of attachment. The vendors from whom the bill of merchandise had been purchased upon a credit and under circumstances entitling them to rescind the sale and retake the merchandise, filed a claimant's oath and bond and obtained possession of a part of the merchandise. In the trial of the right of property between the claimants and the attaching creditors, *held:*

1. The defrauded vendors had the option of rescinding the sale and proceeding by appropriate remedy to recover their property, or of affirming the sale and pursuing the vendees upon the contract debt.

2. If they elected to rescind the sale, the goods having been seized by other creditors of the vendees under attachments, the statutory proceeding of the trial of the right of property was the effective and appropriate legal remedy.

3. There being no other contract between the vendors and the vendees in relation to the goods retaken, the vendors, by filing the claimant's oath and bond, asserted title in themselves, and thereby sufficiently gave notice of an election to repudiate the sale as to such goods. .

4. The vendors are not estopped from asserting title in this suit because they had, after filing the claimant's oath and bond, instituted suit and obtained judgment against the vendees for the value of the balance of the bill of merchandise which the vendees had wrongfully disposed of, and which could not be discovered and taken in the claim suit.

Appeal from Bowie. Tried below before Hon. John L. Sheppard.

*Henry & Henry*, and *Crawford & Crawford*, for appellants.— 1. An action to recover the price of a part of a stock of goods obtained by a fraudulent purchase, is not a revocation of the rescission of the contract of sale, made before the institution ‚of the suit, nor a waiver of the right to sustain an action for the recovery of the other portion of the goods. Sleeper v. Davis, 64 N. H., 59; Powers v. Benedict, 88 N. Y., 605; Kinney v. Keernan, 49 N. Y., 165.

2. By filing the affidavit and claim bond, and taking from the sheriff the goods involved in this controversy, appellants, as to the goods so taken, elected to rescind the contract of sale. And having rescinded so much of the contract, appellants could not restore it by any voluntary act of theirs. Having once rescinded the contract, the right to enforce it was forever gone. Moller v. Tuska, 87 N. Y., 166; Morris v. Rexford, 18 N. Y., 552; Powers v. Benedict, 88 New York, 609.

3. Where several articles of merchandise of a similar character and kind are sold at the same or at different times, either party to the contract of sale may, for sufficient cause, rescind the contract as to some of the goods and affirm it as to the rest, the contract not being entire. Manf. Co. v. Wakefield, 121 Mass., 91.

*Scott, Levi & Smith* and *Todd & Hudgins*, for appellees.—By instituting their suits against Munzesheimer & Klein upon the contracts for the sale of the goods, procuring and levying writs of attachment upon the property of Munzesheimer & Klein, and prosecuting such suits to final judgment and foreclosure of attachment lien, all the rights of appellants are res adjudicata, and they are estopped from repudiating such contract of sale and from denying that the goods here in controversy, which passed to Munzesheimer & Klein by the same contracts of sale, were the prop-

erty of said Munzesheimer & Klein and subject to appellees' attachments. Coddington v. Wells, 59 Texas, 50, 51; Summerhill v. Hanner, 72 Texas, 224; Webster v. Mann, 56 Texas, 122; Adler v. Fenton, 24 How., 407; 1 Herm. Est. and Res Jud., secs. 119–126, 130, 133, 137–139, 143–146, et seq.; 1 Benj. on Sales, 6 Am. ed. (1889), by Charles L. Corbin, secs. 649, and note 14, 660, and note on page 678c, note 19, and cases cited in these notes; Tied. on Sales, sec. 163.

*Todd & Hudgins*, on appellees' motion for rehearing, cited: White v. Jacobs, Bernheim & Co., 66 Texas, 462; Rev. Stats., arts. 4833, 4834; The State v. Bender, 68 Texas, 678; Herm. Est. and Res Jud., secs. 51, 74, 94, 95.

FINLEY, ASSOCIATE JUSTICE.—This is an action for the trial of the right to property. The original affidavit and claim bond were destroyed by the burning of the court house of Bowie County, and have been substituted by an order of the court. On August 29, 1887, Leon & H. Blum instituted suit by attachment in the District Court of Galveston County, against Munzesheimer & Klein, for $19,774.60, and on the same day M. Marx instituted his suit in the District Court of Galveston County, against the same defendants, by attachment, for $20,000, and on the same day Marx instituted another suit in the District Court of Galveston County, against Munzesheimer & Klein and one J. Marx, for $11,000. In each of these suits writs of attachment were issued to Bowie County, and were by the sheriff of said county, on August 30, 1887, levied on the goods in controversy as the property of Munzesheimer & Klein.

September 7, 1887, the appellants, Otto Heinze & Co., filed their affidavit and claim bond in the sum of $3019.86, being double the value of the property claimed, as assessed by the sheriff, which bond and affidavit were duly returned into court, filed, and docketed. In due course each of said suits in the District Court of Galveston County was reduced to judgment and attachment liens foreclosed. In the suit for $20,000, the judgment was satisfied by the proceeds of other property attached, and the suit of Marx for $11,000 was reduced by the proceeds of property attached to the sum of $6188.69. The judgment in favor of Leon & H. Blum against Munzesheimer & Klein, for $20,042.39, is wholly unpaid.

Plaintiffs tendered issues.

Otto Heinze & Co., appellants, joined issue and claimed title to the goods levied upon, because Munzesheimer & Klein purchased the goods from appellants with no intention of paying for the same, and for the purpose of defrauding appellants, and upon false and fraudulent representations that they were perfectly solvent, when in fact they well knew that they were insolvent and on the eve of failing in business; that said goods

and other large quantities of merchandise were obtained on credit from appellants and others, with no intention of paying for the same, but with the intent and purpose of placing them within the reach of fictitious creditors of Munzesheimer & Klein, living in Galveston and Texarkana. That upon the eve of their failure, and with the view of having the goods attached, Munzesheimer & Klein purchased on credit from appellants and other merchants a great many thousand dollars worth of goods, with the intention of defrauding appellants and other merchants, and. delivering the goods to other persons. Appellants say, that as soon as they heard of the failure of Munzesheimer & Klein they filed affidavit and bond, and received from the sheriff so many of the goods sold by them to Munzesheimer & Klein as could be identified and found; that said goods were obtained by fraud and swindling, and the title thereto never passed to Munzesheimer & Klein, and were not subject to the attachments.

March 23, 1891, appellees filed a replication, and denying all of appellants' allegations, and pleading that appellants on, to-wit, September 15, 1887, sued Munzesheimer & Klein in the District Court of Lamar County on the contract for the sale of the goods which they seek in this claim suit to avoid. That in said suit an attachment was issued and levied upon property sufficient to satisfy the judgment which was rendered in the case, and that the judgment is now in full force and effect. Wherefore, appellees say that the appellants are estopped from relying upon matters set up to avoid the original sale of the goods.

April 2, 1891, the cause was tried by the court, and judgment rendered against the claimants and the sureties upon their claimants' bond for $1509.93, the assessed value of the goods, with interest from September 7, 1887 (the date of the claim bond), and $150.99 damages. The judgment sets out a list of the goods taken under the claim bond. The appellants in open court excepted and gave notice of appeal, ten days being allowed in which to file a statement of facts.

The court filed its conclusions of fact, as follows:

" 1. That Munzesheimer & Klein induced the defendants in the above styled and numbered cause to sell them (M. & K.) the goods involved in the trial of the right of property in this cause, by making false and fraudulent representations to them as to their pecuniary circumstances and financial status.

" 2. That Munzesheimer & Klein were wholly insolvent at the time they purchased said goods from defendants herein, and they made false and fraudulent representations to the defendants, with the view and intent to induce these defendants to sell these goods to them (M. & K.), and these defendants sold these goods to them, relying on and believing said representations so made to them to be true at the time they were made and the goods were sold.

" 3. That they made statements to these defendants to the effect, that

they (M. & K.) were perfectly solvent, and had assets in excess of their liabilities amounting in value to more than $100,000. That these statements were made with the view and for the purpose of purchasing these goods from these defendants on credit, and that the same were in fact false and untrue. And that the said Munzesheimer & Klein never intended to pay these defendants for these said goods at the time they pur-·chased them on credit.

'' 4. That Leon & H. Blum knew and were cognizant at the time these goods were purchased by Munzesheimer & Klein of all the facts in the three foregoing findings, and knew that Munzesheimer & Klein were wholly insolvent at that time, and that Munzesheimer & Klein were de-·frauding and swindling these defendants out of these said goods, and bringing said goods to Texarkana in order for Leon & H. Blum and other creditors to run attachments upon, and that Leon & H. Blum were lying in wait to seize these goods, but that Leon & H. Blum never intentionally induced these said sales to be made to Munzesheimer & Klein for the purpose of defrauding these defendants.

" 5. That after these defendants filed their affidavit and claim bond in this court, claiming title to these goods, and attempting to avoid and rescind said contract of sale on the ground of fraud perpetrated by Munzesheimer & Klein, they instituted suit in the District Court of Lamar County, Texas, against said Munzesheimer & Klein, to enforce the collection of their debt against them (Munzesheimer & Klein) on their said contract of sale, and sued out an attachment, and caused the same to be levied on some of the identical same goods they sold Munzesheimer & Klein, and prosecuted said suit to judgment, which judgment is now in full force and effect.''

The court's conclusions of law were as follows:

'' The defendants are estopped from rescinding said contract of sale on the ground of fraud, because they have elected to sue on the contract of sale, and have prosecuted said suit to final judgment in the District Court of Lamar County, Texas.''

Appellants' assignments of error which raise the vital questions necessary to be decided, challenge the correctness of the fifth conclusion of fact, and the conclusion of law upon the findings of fact filed by the lower court. The fifth finding of fact is not the fair and legitimate de-·duction from the evidence. The evidence clearly and unequivocally established, that after appellants filed their affidavit and claim bond, and ·obtained possession of the goods in controversy, they instituted suit in Lamar County for the value of the balance of the goods not retaken under claimants' oath and bond. The suit in Lamar County was based upon the account for the entire bill of goods, amounting in the aggregate to $2669.50, but there was a credit upon the account of $1204.74, stated to be '' the value of certain goods taken back,'' and the items ap-

pearing in the account of the goods which had been taken in the claim proceedings were clearly identified by exhibit and the affidavit proving the account. The goods in controversy in this suit were not sought to be recovered for in the Lamar County suit; no recovery was sought or had beyond the value of the goods which appellants were unable to find and retake in the claim proceeding. The judgment rendered in Lamar County for the value of that portion of the goods purchased of appellants by Munzesheimer & Klein which had not been retaken, it is admitted, was fully satisfied by proceeds from sale of goods attached in that suit. The parties to the Lamar County suit were Otto Heinze & Co., plaintiffs, and Munzesheimer & Klein, defendants; and the issue involved and determined by the judgment was the value of the goods not recovered by appellants in the claim proceeding, in the form of a suit upon account for such balance. With these additional conclusions of fact, the findings of the lower court of fact are approved and adopted by this court; except the fourth finding, relating to the fraudulent conduct of Leon & H. Blum, which we think immaterial to the decision of the case.

The other and main point for determination is the correctness of the legal conclusion pronounced upon the facts by the trial judge, that "the defendants are estopped from rescinding said contract of sale on the ground of fraud, because they have elected to sue on the contract of sale, and have prosecuted said suit to final judgment in the District Court of Lamar County, Texas."

The findings of fact by the judge which are unassailed by assignments of error, show that at the date of the seizure of the goods by appellees under writ of attachment, the goods had been sold to Munzesheimer & Klein by appellants, but under circumstances which entitled appellants to rescind the sale if they chose to do so. They had under the law the option of rescinding the contract of sale and proceeding by appropriate remedy to recover their property, or of affirming the sale and pursuing Munzesheimer & Klein upon the contract debt. If they elected to rescind the contract of sale and pursue the property to recovery, the effective and appropriate legal remedy open to them was the statutory proceeding of the trial of the right of property under claimant's oath and bond, the goods having been seized by appellees under attachment. Sayles' Civ. Stats., title 97, arts. 4822–4847 inclusive.

It is contended by appellees, that the filing of the claimants' oath and bond and the retaking of the goods were not alone sufficient to show an election to rescind the contract of sale, for the reason that the nature of appellants' claim or title to the property was not disclosed in the affidavit or bond; and therefore that there was no election to rescind until the issues were tendered, in which appellants stated the grounds upon which they sought to recover back the property. This proposition we think is

wholly untenable. There was no other contract between appellants and Munzesheimer & Klein in relation to these goods except a contract of sale. By the filing of the affidavit and bond, appellants asserted title in themselves, and thereby repudiated the sale which would have conveyed title to Munzesheimer & Klein, had it been legal and binding upon appellants. The statute under which appellants proceeded does not require that the nature of the claim or title to the property should be stated, and it is not perceived that any good reason exists why appellants should have given more specific notice of their repudiation of the sale than was necessarily contained in the statutory proceedings adopted.

In Morris v. Rexford, 18 New York, 556, it is said: "If, then, plaintiff had a right to disaffirm the delivery, that right was effectually asserted by the issuing of writs of replevin and causing the property to be taken and delivered on those writs." The levy of appellees' writ of attachment upon the goods in no way affected appellants' right to disaffirm the sale and take back the goods, and no additional or more specific acts were required of appellants in rescinding the sale by reason of such levy.

The court below, in its conclusions of fact, correctly found that the filing of the claimants' oath and bond was an election by appellants to rescind the sale; and this finding is not attacked by any assignment of error. What effect, then, upon this case of the trial of the right of property, could the subsequent suit and judgment rendered in Lamar County have? The appellees were not parties to that suit; they had no interest in the subject matter involved therein; they did not rely and act on the conduct of appellants in that suit, or the recitals contained in the judgment therein. The judgment was inter partes, and binding only upon the parties and their privies. 1 Herm. on Est. and Res. Jud., secs. 129, 135, 136, 138, 154, 169, 170.

In Medlin v. Wilkins, 60 Texas, 414, it is said: "The general rule, that judgments are not binding on strangers, is so far mutual, that strangers can not take advantage of the same to affect the parties to them. * * * Where strangers have acted upon the faith of recitals in a judgment or decree to their injury, then ordinarily they can assert it as an estoppel against the parties." Had the property involved in this suit, upon which appellees had an attachment lien, also been involved in the Lamar County suit, or had they acted upon the recitals in the Lamar County judgment in causing their levy to be made and lien fixed on the property, a different question would be presented for decision. The Lamar County suit could in no possible way affect injuriously the rights or interests of appellees; their attachment was levied before the institution of that suit; the property levied upon was in no sense affected by it, and it was certainly a matter of no concern to them if appellants followed up the common debtor and recovered compensation for the balance of their goods which they could not discover and take in the claim suit.

We fail to perceive any sound reason why appellees should be benefited by the Lamar County suit, to appellants' injury. The right to rescind the contract of sale existed at the time the statutory claim was made; the election to rescind was made and the right to maintain this suit was fixed by the filing of the claimants' oath and bond. Can it be said that this right was extinguished by appellants' effort, under a different form of action, to recover the value of the balance of the goods which the debtors had wrongfully disposed of, and which could not be found and recovered? When appellants elected to rescind the contract of sale, and in consummation of that election instituted the claim proceeding to recover the goods, the contract of sale was as if it had never existed, and no act of appellants alone could restore its existence. The same acts originally necessary to create the contract relation would be necessary to restore the contract of sale rescinded. Moller v. Tuska, 87 N. Y., 166; Powers v. Benedict, 88 N. Y., 609.

It is not, then, a question of remedy in this suit, but a question whether the appellants are estopped from asserting title in this suit by reason of the Lamar County judgment, rendered upon the contract of sale for the value of other and different items of goods. We have been cited to no authority, and have been unable to find any, which holds that a suit of a creditor to recover goods fraudulently obtained can not be maintained, for the reason that he subsequently brought suit and obtained judgment upon account for the value of a balance of goods sold at the same time, which he could not find and retake, and is thereby estopped from pursuing the property. We do not think the general principles of estoppel sanction the proposition; and the cases to which we have been cited by appellants negative the doctrine. Sleeper v. Davis, 64 N. H., 59 (10 Am. St. Rep., 377); Powers v. Benedict, 88 N. Y., 605; Kinney v. Keennan, 49 N. Y., 165.

In this State technical forms of action have been abolished; it is only required that the facts constituting the cause of action shall be stated in the pleading in order to obtain the appropriate relief, either in law or equity. And it would seem to be out of harmony with the spirit of our system to hold one estopped in a suit by the form of action adopted in another suit, when he would not have been estopped by a truthful recital of the facts constituting his cause of action. Such is this case. Had the appellants in the Lamar County suit alleged that the goods were obtained by the established fraudulent acts of the debtors, and that they were worth the price agreed to be paid for them, a recovery would have been had for their value, and the suit would have been entirely consistent with the claim proceeding.

The contract of sale in question specified each item of goods sold, and the price to be paid for each item; and while they were all sold at the same time, and constituted one bill or order, it may well be questioned if

it was not such a contract as could be rescinded in part and affirmed in part. Manf. Co. v. Wakefield, 121 Mass., 91. But, in our opinion, it does not become necessary to so hold in this case, and we leave the question open for future determination.

We are of opinion that the conclusion of law upon the facts found by the trial court was erroneous, and that the judgment should be reversed and here rendered for appellants, and it is accordingly so ordered.

*Reversed and rendered.*

Delivered October 25, 1893.

Motion for rehearing overruled November 29, 1893.

Writ of error refused by the Supreme Court December 18, 1893.