JESSE FRENCH PIANO & ORGAN COMPANY v. ROBERT NOLAN.

Decided March 1, 1905.

Sale—False Representations—Rescission.

False representations by the vendor of chattels, though not embodied in the contract nor made with intent to deceive, are legal fraud, and it is immaterial that the party making them was ignorant of their falsity. If material, and relied on by the purchaser, he may rescind, and may recover back money paid in reliance on them.

Appeal from the County Court of Dallas County. Tried below before Hon. Ed. S. Lauderdale.

*U. F. Short,* for appellee.—To authorize the cancellation of the contract by which appellee became the purchaser of the piano in controversy from the appellant, it devolved upon him to allege and prove he was induced to purchase the same by the false and fraudulent representations of the agent of appellant, intentionally made, and that appellee relied upon such representations and believed them to be true, and that he was induced thereby to make said purchase. Downes v. Self, 28 Texas Civ. App., 356, 67 S. W. Rep., 897; Benjamin on Sales, 7th ed., p. 434.

*W. A. Bonner* and *Crane & Gilbert,* for appellee.—If a material misrepresentation be made, although it be not embodied in the contract, it is considered as a constructive or legal fraud, although it may be made without any wilful intention to deceive, but merely through carelessness, mistake or ignorance; for, if a party be actually deceived by a misrepresentation, the practical result is the same whether it were a wilful fraud or not. Henderson v. San Antonio & M. G. Ry. Co., 17 Texas, 576; Haldeman v. Chambers, 19 Texas, 50; George v. Taylor, 55 Texas, 97, 102; Davis v. Driscoll, 22 Texas Civ. App., 15, 54 S. W. Rep., 43; Wintz v. Morrison, 17 Texas, 383, 388.

EIDSON, ASSOCIATE JUSTICE.—This suit was brought by the appellee to rescind a contract for the purchase of a piano, which he alleged he was induced to make with appellant by its false and fraudulent

representations, and to recover the sum of $50, alleged to have been paid by him at the time of making such contract, as a part of the consideration thereof, and to cancel the notes given by him for the remainder of the consideration.

Upon a trial before the court without a jury, judgment was rendered for appellee rescinding the sale, cancelling the notes, and for the sum of $50, the amount of the cash payment.

The only question raised by appellant's assignments of error is as to the sufficiency of the testimony to sustain the judgment rendered by the court below. While there is a conflict between the testimony of the witnesses of appellee and those of appellant, as to some of the material facts involved ·in the case, we are of opinion that there is ample testimony in the record to support the judgment. We think the court in rendering judgment for the appellee as above stated, applied the correct principles of law to the facts proven. False representations, though not embodied in the contract and made without intent to deceive, are legal fraud, and it is immaterial that the party making the false representations was ignorant of their falsity. If they are material, and the party to whom they are made relies upon their being true and acts upon them, he is entitled to be relieved against the effect of such false representations. (Henderson v. San Antonio & M. G. R. R. Co., 17 Texas, 576; Davis v. Driscoll, 22 Texas Civ. App., 15, 54 S. W. Rep., 43; Ranger & Co. v. Hearne, 41 Texas, 258.)

It is also a correct principle of law that where a party pays money in ignorance of circumstances with which the receiver is acquainted, and they are not disclosed, and which, if disclosed, would have avoided the payment, the receiver acts fraudulently, and the money may be recovered back. (George v. Taylor, 55 Texas, 100 to 102; Texas Elevator & C. Co. v. Mitchell, 7 Texas Civ. App., 231.)

There being no reversible error in the record, the judgment of the court below is affirmed.

*Affirmed.*