## WOODS et al. v. FISHER.

No. 5062.

Court of Civil Appeals of Texas. Texarkana.

May 13, 1937.

Keeney & Moseley, of Texarkana, for appellants.

Wm. V. Brown, of Texarkana, for appellee.

WILLIAMS, Justice.

The appellee, plaintiff below, brought this suit for rescission of a sale of an automobile to him by appellants, a partnership and defendants below. To questions 1 to 4, inclusive, the jury answered that the agent of defendants represented to plaintiff, H. C. Fisher, that the automobile was in good condition; that Fisher relied upon such representation; that the automobile was not in good condition at the time of the trade; and that this agent knew that the car was not in good condition at the time. Defendants pleaded that, by reason of the acts and conduct of the plaintiff in not permitting said automobile to be repaired and in retaining possession of the same, plaintiff was estopped and had waived his right to rescind the contract. To question 6 the jury found that this car could have been repaired so as to make same serviceable; and to question 7, that Fisher agreed with the defendants that, if they would repair the defect, he would be satisfied and would accept such automobile in its repaired condition; and

to question 8, that thereafter Fisher refused to permit the defendants to have said defect repaired. The court canceled the contract of purchase and purchase of automobile and judgment was entered for plaintiff in the sum of $126, the amount he had paid in on the deal, and canceled twelve promissory notes given as part of the purchase price.

■ Upon the discovery of the alleged fraud, plaintiff by acting promptly after his discovery could tender a return of the property and rescind the contract of sale altogether; or he could waive the alleged fraud, keep the property, and sue for his damages. Hubbs v. Marshall (Tex.Civ.App.) 175 S.W. 716, 717; Dickson v. Day (Tex.Civ.App.) 275 S.W. 307; Laminack v. Black (Tex.Civ. App.) 3 S.W.(2d) 824; Gardner v. Dorsey (Tex.Civ.App.) 272 S.W. 266; Sanders v. Hickman (Tex.Civ.App.) 235 S.W. 278. Only one assignment of error is raised by defendants. They assert that upon the findings of the jury to questions 6, 7, and 8 the plaintiff was estopped and had waived his right to rescind the contract involved, and plaintiff's cause of action, if any, should have been for damages. The sole question presented is whether or not Fisher by his acts and conduct had waived his right to rescind prior to the time he instituted this suit. The disposition of this appeal is controlled by the principle of law stated in 4 R.C.L. pp. 515, 516, to wit: If the party defrauded continues to receive benefits under the contract after he has become aware of the fraud, or if he otherwise conducts himself with respect to it as though it were a subsisting and binding engagement, he will be deemed to have affirmed the contract and waived his right to rescind. Sunset T. & T. Co. v. Williams (C.C.A.) 162 F. 301, 22 L.R.A.(N.S.) 374; Hubbs ·v. Marshall, supra, because then such acts would constitute an estoppel by conduct. But, "to prevent one from rescinding a contract of purchase, by which he has been defrauded, for the reason that he has acquiesced therein, the alleged act of acquiescence must be unequivocal and must show an election to retain the property after discovering the deceit." Tarkington v. Purvis, 128 Ind. 182, 25 N.E. 1879, 9 L.R.A. 607.

■ On February 5, 1935, six days after the trade, plaintiff noticed his engine heating, and for the first time discovered a cracked block around the motor. He immediately drove the car back to appellants. Defendants offered to have the block welded. The parties were of the opinion the car would be made serviceable by welding. Plaintiff testified that he told defendants it would be all right with him if the welding were successful. The car was turned over to a mechanic who welded the block. A few days elapsed from the time the mechanic received the car for this repair when plaintiff again drove it back to defendants. After the repair job, Fisher in driving the car again noticed the engine still heated, and this time discovered a second crack in the block. It was upon the immediate return of the car a second time that a controversy arose between these parties whether or not a welding job would make the car serviceable. Fisher contended that the block was made out of cast iron, and welding the crack would not prove successful. Defendants contended to the contrary and offered to let Fisher select another mechanic to do the work. Fisher refused this offer. There was evidence pro and con on the practicability of welding cast iron. It would unduly lengthen this opinion to discuss the further negotiations which passed between these parties. We are unable to determine exactly the date when the negotiations came to a standstill. But it is significant to state that by March 6, 1935, one month after the discovery of the crack by Fisher, that he had given notice to defendants by registered mail that he was making a rescission of the trade, and had filed this present suit for rescission.

It is true the jury found that plaintiff agreed to accept the car if defendants repaired the defect. If plaintiff had elected to sue for damages instead of for rescission, the same contention could have been urged in defense of suit for damages as is being urged now. If the repair job had been successful, and done at the expense of defendants, that would have been the end of the controversy, either for damages or for rescission. But the repair job was not successful. A second crack was discovered. They negotiated further. Plaintiff declined to go further. Can it be said that because plaintiff made an effort to have defendants put his car in a serviceable condition that he then made an election of remedies? After the first effort to repair the car had proven unsuccessful, he could then have elected to rescind or to keep the car and sue for damages. Up to that time it cannot be said that he acquiesced in the deal. When the offer was made to use another mechanic for the next repair job, plaintiff refused. This refusal was not an act of acquiescence. Fisher did not employ any mechanic at his ex-

776

pense to repair the job. The record fails to show where Fisher so used the car or did or said anything from the time he first discovered the crack until he filed suit which would show an election on his part to retain the property after discovering the defects.

As stated in Hubbs v. Marshall, supra: "It is not every omission or act of the purchaser in relation to the property, however, that will constitute a waiver. In the absence of any reason why it would be inequitable to grant relief by way of a rescission of the contract, there must be such delay in asserting his right, or such act in relation to the property after the discovery of the fraud, as warrants the conclusion that the purchaser intended not to rely on his right of rescission."

The authorities cited by defendants have been carefully reviewed, and they are all in keeping with this opinion. The findings of the jury to questions 1 to 4, inclusive, are not attacked. We fail to find from the record any act or conduct of plaintiff which could be construed as an act of affirmance of this contract. This was the view of the trial court by entering judgment for plaintiff, and we find no valid or equitable reason to disturb the judgment.

The judgment is affirmed.