McDONALD v. STAFFORD. (No. 6104.)

(Court of Civil Appeals of Texas. June 11, 1919.)

1. EVIDENCE ⟨key⟩96(1)—BURDEN OF PROOF OF DEFENSE.

In suit to rescind purchase of a mare, it would have been clearly improper for the trial court to have placed on plaintiff the burden of proof as to the defense that the mare was accepted by plaintiff without any warranties of soundness.

2. TRIAL ⟨key⟩244(2)—INSTRUCTIONS—SINGLING OUT TESTIMONY.

A requested instruction, singling out certain portions of the testimony relating to an issue properly submitted to the jury in the main charge, was properly refused.

3. TRIAL ⟨key⟩351(5) — INSTRUCTION — RESUBMISSION OF ISSUES.

Special issues, properly submitted in the main charge, were properly refused.

4. SALES ⟨key⟩130(3) — RESCISSION—EVIDENCE.

In suit to rescind purchase of a mare, plaintiff, over defendant's objection, was properly permitted to testify that he kept the animal in a wagon yard at the cost of $81, that he knew the cost of oats and hay, and that it was a reasonable amount to charge for the services and feed; it not being necessary to show the market price of either the feed or the services.

5. SALES ⟨key⟩120—RESCISSION—VALUE OF ANIMAL.

As to right to rescind purchase of a mare for breach of warranty of soundness, it was immaterial whether the animal had any value for any purpose at the time buyer offered to return her to seller, though the rule would have been different had buyer elected to sue for damages instead of to rescind.

6. APPEAL AND ERROR ⟨key⟩1051(2), 1060(1)— HARMLESS ERROR — EVIDENCE AND ARGUMENT.

In suit to rescind purchase of a mare, improper admission of plaintiff's testimony that he tied the animal in the alley back of defendant's store on the advice of his attorney, and the argument of plaintiff's counsel, stating he had advised his client to pursue that course, and that he knew what he was doing, held harmless error; testimony and argument having related to an issue not disputed.

7. SALES ⟨key⟩126(4) — RESCISSION—REASONABLE TIME—QUESTION FOR JURY.

A party seeking to rescind a purchase of a mare must act with promptness and within reasonable time after discovering her unsoundness, what is a reasonable time being a question of fact to be determined by the jury under the circumstances.

8. APPEAL AND ERROR ⟨key⟩1002 — REVIEW— FINDINGS ON CONFLICTING EVIDENCE.

The findings of the jury are conclusive in a case of conflicting evidence, where there is more than a scintilla of evidence to support them.

Appeal from Coleman County Court; W. Marcus Weatherred, Judge.

Suit by T. L. Stafford against H. J. McDonald. From judgment for plaintiff, defendant appeals. Affirmed.

J. K. Baker, of Coleman, for appellant.
Critz & Woodward, of Coleman, for appellee.

BRADY, J. This suit was brought by appellee against appellant in the justice court, precinct No. 1, Coleman county, Tex., alleging that he purchased a certain mare from appellant, and paid $100 therefor, and that appellant warranted and guaranteed the animal to be sound and safe, and alleging a breach of such warranty. The suit was for rescission, it being averred that the sale was made September 1, 1917, and tender of the animal back to appellant made about November 5, 1917. The amount sued for was $175,

which included the purchase price and the expense of feed, care, and attention to the mare during such period.

Appellant prosecuted an appeal to the county court from a judgment against him, and his pleadings consisted of a general denial and special denial that he guaranteed or warranted the mare to be sound, or agreed to refund the money, as alleged by appellee, and he denied that the animal was unsound, and averred that such claim was waived by appellee's having retained and used the animal for a long time after discovery of the defects.

The case was submitted to a jury on special issues, the questions and answers being as follows:

"(1) Did the defendant, H. J. McDonald, at the time he sold the mare in question to the plaintiff, T. L. Stafford, warrant that said mare was sound? Answer: Yes.

"(2) Was said mare unsound at the time plaintiff purchased her? Answer: Yes.

"If your answer to question No. 2 is No, then you will not answer question No. 3; if it is Yes, then you will answer:

"(3) Did the plaintiff T. L. Stafford, return said mare to the defendant, H. J. McDonald, within a reasonable time after he ascertained such unsoundness, if any? Answer: Yes."

Appellee requested the court, in the event the jury should answer question No. 2 of the main charge Yes, to submit the following question:

"Did the plaintiff within a reasonable time after discovering such unsoundness, if any, offer to return the mare in question to the defendant and request a return of the money he paid?"

The request was granted, and the question answered in the affirmative by the jury.

At the request of plaintiff, the court also made a special finding to the effect that appellee had expended the sum of $81 for care and keep of the animal, which was a reasonable sum and a proper expenditure, and should be included in the judgment.

The findings of the jury and the court are supported by evidence.

Opinion.

The first assignment of error complains at the refusal of the trial court to submit special issue No. 1 requested by appellant, which related to a conversation between the parties at the time the check was given by appellee, and which, in effect, purported to submit the issue that appellee had accepted the animal without any warranty of soundness. As a part of this requested instruction, appellant asked the court to instruct the jury as follows:

"The burden of proof is upon the plaintiff to prove by a preponderance of the evidence the above special issue No. 1."

[1] This instruction related to a defensive matter, and it would have been clearly improper for the trial court to have placed the burden of proof upon plaintiff to establish the defense. For this reason alone the charge should have been refused.

[2] It may be added that this requested instruction singled out certain portions of the testimony relating to an issue in the case which was properly submitted to the jury in the main charge of the court. This also would have justified the court in refusing the instruction. The assignment will therefore be overruled.

[3] There are several assignments complaining of the refusal of the trial court to submit certain special issues requested by appellant, relating to the issue of tender and return of the animal within the time required by law. We hold that these assignments are without merit, because the court, in his main charge, properly submitted these issues, and all such assignments are overruled.

[4] It is also claimed that it was error for the court to permit appellee, over appellant's objection, to testify that he kept the animal in a wagon yard at a cost of $81; that he knew the price of oats and hay, and that it was a reasonable amount to charge for the services and feed.

We can see no error in the admission of this testimony, which was the basis of the court's finding referred to in the statement of the case. It was not necessary to show the market price of either the feed or the services. The testimony of the witness was, in effect, that it was necessary for him to expend the sum of $81 for feed and attention to the animal, and that such sum was a reasonable charge, and this meets the rule in such cases. Therefore the assignments relating to this question are overruled.

[5] Appellant has an assignment complaining of the court's refusal to submit to the jury the issue as to whether or not the animal had any value for any purpose at the time appellee offered to return her to appellant. This was a suit to rescind the sale and to recover the price paid. The jury found that appellee tendered the animal back to appellant, and demanded a return of the purchase price and the expense of upkeep of the animal. Having elected to pursue this remedy, it was immaterial whether the animal had any value or not. Had this suit been for damages, the rule would have been different.

[6] There are certain assignments relating to the testimony of plaintiff to the effect that he tied the animal in the alley back of appellant's store, upon the advice of his attorney, and also complaining of the argument of appellee's counsel to the jury, stating that he had advised his client to pursue that course, and that he knew what he was doing.

Assuming, but not deciding, that this testimony and argument were improper, we do not think there was reversible error. It related to a matter not really a disputed issue, and was not reasonably calculated to influence the jury in answering the questions submitted.

[7] It is also urged that the court erred in submitting the special issues relating to the tender and return of the animal. The specific point is that the questions made a reasonable time after discovery of defects the test of the right of rescission, whereas the law requires a return as soon as discovery is made, and the failure to do so waives the right of rescission.

The trial court had the correct view of the law, as announced by our decisions. A party seeking to rescind such a contract must act with promptness and within a reasonable time. What is a reasonable time is a question of fact to be determined by the jury from the circumstances. Aultman v. York, 71 Tex. 263, 9 S. W. 127; Crutcher v. Schick, 10 Tex. Civ. App. 676, 32 S. W. 76. There is no merit in any of these assignments.

Finaly appellant complains of the findings of the jury, and the judgment because unsupported by the evidence, especially in that there is no evidence to show a warranty or the fact of unsoundness of the animal at the time of the sale, nor any return as soon as the defects were discovered or within a reasonable time.

[8] While there was evidence in appellant's favor on these questions, there was evidence to the contrary, and the findings of the jury are conclusive in a case of conflicting evidence, where there is more than a scintilla of evidence to support them.

We have considered all the assignments, and, finding no reversible error, the judgment is affirmed.

Affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes