Stud Farm v. Hansen.

No. 22,926.

TRUMAN'S PIONEER STUD FARM, *Appellant*, v. W. H. HANSEN,. *Appellee.*

SYLLABUS BY THE COURT.

1. CONTRACT—*To Purchase Horse—Horse Not as Contracted For—Buyer May Refuse to Accept.* Where there is an agreement to buy a horse. of a certain kind and grade for a specific purpose, and the one delivered by the seller is not the kind or quality contracted for, the buyer is not obliged to accept and pay therefor.

2. SAME—*No Completed Contract to Purchase Horse—Rights and Remedies of Purchaser.* Where the buyer promptly notifies the seller of the refusal to accept the horse, and that he is holding him subject to the seller's order, and the seller leaves the horse in the possession of the buyer, the latter is entitled to a lien on the horse for the expenses incurred in keeping and caring for him, and to have the horse sold in satisfaction of the lien, and also to recover as damages from the seller any part of such expenses remaining unpaid after applying thereto the. proceeds of the sale.

Appeal from Dickinson district court; ROSWELL L. KING,. judge. Opinion filed April 9, 1921. Affirmed.

*C. S. Crawford,* and *E. S. Crawford,* both of Abilene, for the. appellant; *James W. Craig,* and *Edward C. Craig,* both of Mattoon, Ill., of counsel.

*G. W. Hurd, Arthur Hurd,* and *Bruce C. Hurd,* all of Abilene,. for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The principal question involved in this: litigation is whether a certain contract as to the sale of a stud colt which defendant refused to accept was a sale on conditions or a completed sale with which there was at most a collateral warranty of quality.

The defendant had a number of registered Belgian mares and desired to purchase a first-class Belgian stud colt for breeding purposes and he asked plaintiff if it could furnish such an animal. Plaintiff stated that it did not have one of the kind desired but that it would procure and sell him such a colt for $550. Defendant informed plaintiff that he had pure-.

bred mares and wanted a stud colt for breeding purposes, and that the one selected must be a good individual colt. The plaintiff informed defendant that the colt he had in mind would weigh about 800 pounds, was first-class and a good individual, that plaintiff understood just the kind of animal that was desired by defendant and the purpose for which he was to be used. According to defendant's testimony plaintiff assured him that the colt it was offering for sale was absolutely good, and defendant stated that he would take the colt on the conditions stated. A colt was procured by plaintiff, shipped to the defendant, and when he arrived at Abilene he was found to have defective hind legs, a thick hock, was cock-ankled, down on his pasterns in front, and was flat-ribbed, of poor conformation in general, and was lousy. Defendant notified plaintiff that the colt was not the kind of animal he agreed to purchase, pointed out some of its defects and stated he would not accept it. He asked plaintiff for instructions as to what it desired to have done with the colt. Plaintiff insisted that a sale had been made, gave no directions about his disposition, and the defendant fed and cared for him awaiting orders as to the disposition of the colt, but none were given, and after more than a year had elapsed defendant had the colt sold at a public sale. The amount received for the animal was insufficient to pay the express charges advanced by the defendant, and the care and feed which he expended upon the animal. When plaintiff sued him for the price of the colt he denied liability and presented a counterclaim against the plaintiff for the charges and expenses he had incurred in the transaction. The verdict of the jury was in favor of the defendant, and he was awarded damages on his counterclaim to the amount of $191.62. It is contended by plaintiff that defendant's remedy was to sue on the breach of a collateral warranty and not having proceeded on that theory he failed to establish his defense and right to damages under his counterclaim. The contention of the defendant is that the contract was executory and that plaintiff having failed to deliver the animal it agreed to furnish, defendant was not bound to accept it. The contract was not in writing and the testimony of the defendant, upon which the verdict rests, sufficiently establishes that plaintiff agreed to furnish a particular kind and quality of animal for a particular purpose, and that defendant

agreed to take and pay for the colt if it measured up to the stipulated conditions. That the animal did not come up to the conditions of the contract, the evidence of defendant abundantly proves.

It is insisted by plaintiff that there was no proof that notice was given by defendant of nonacceptance of the colt nor that it was not the colt he agreed to purchase. The record shows that the day following the delivery of the animal defendant wrote to plaintiff stating in effect that the colt was not the one it·agreed to sell, that he was "cock-ankled, a bad back, and a genuine misfit," and he added that he was holding him subject to plaintiff's directions. Under these facts and circumstances there was no acceptance and no completed sale. The plaintiff was informed as to the kind of animal desired by defendant, and the purpose for which he was to be used. It undertook to furnish a first-class animal for that use. There was no obligation on the part of the defendant to accept the colt unless it was of the kind and quality which defendant agreed to purchase. Instead of the implied acceptance contended for there was an express refusal to accept, and plaintiff not having complied with the conditions of its agreement to sell, there was no sale. In *Coit & Co. v. Schwartz*, 29 Kan. 344, it was held:

"Where the goods delivered to the buyer are not of the kind or quantity contracted for, the buyer is not obliged to receive and pay therefor." (Syl. ¶ 1.)

In another authority it is stated in this form:

"An agreement as to quality must be substantially complied with, and if there is a failure of such compliance as to a material part of the goods the buyer will not be bound to accept them." · (35 Cyc. 216.)

The defense in the case was not based on the theory of a completed sale and a recovery on a warranty of quality, but rather on the theory that because of noncompliance with the conditions of the agreement, an effective sale was not made. The distinction between the two theories has been expressed in this way:

"Warranties are to be distinguished from stipulations in the nature of conditions, in that conditions are statements or premises forming the basis of the contract on a breach of which the parties may treat the contract as at an end, whereas a warranty is collateral to the contract and a breach thereof does not terminate the contract but gives only an action for damages." (35 Cyc. 368.)

The rules of warranty and rescission for which plaintiff contends have no application to the case.

The right of the defendant to recover damages sustained by reason of the breach of the contract by plaintiff is challenged. Defendant had no opportunity to inspect the colt until it was delivered to him by the carrier, and to examine him it was necessary for the defendant to pay the express charges for transportation. It is true that the colt was kept a long time after the inspection and the refusal to accept him, but the delay was not due to the default of the defendant. He had notified plaintiff that the colt was held subject to its order, and he continued to hold him in the expectation that the plaintiff would take the colt off his hands, and finally defendant notified the plaintiff that if it did not take the colt he would sell him at public auction, and this was done. The amount of the express charges was proven and the expense of care and feed as well as the necessary expense of the public sale was shown. These charges and expenses were incurred by reason of the breach of the contract and were proper elements of damage. The trial court correctly instructed the jury saying:

"If you find and believe from the evidence that the colt in question was not as represented and that the plaintiff was so notified, and that defendant held said colt subject to the order of the plaintiff, and that thereafter defendant had to keep and care for said colt, that for such expense and care thereafter, the defendant would be entitled to a lien upon said colt for the same, and to pay such lien the defendant would have the right to sell the colt at public auction to satisfy said lien and the expense of making such sale, and to apply the proceeds of said sale less the reasonable expense for making the same to the payment of such lien and if the proceeds of such sale failed to satisfy such lien and expense that the defendant would be entitled to recover whatever the same lacked in payment of the defendant's bill for the care and keep of the colt in question."

We find nothing substantial in the objection to the instructions of the court and no reason for setting aside the verdict of the jury.

The judgment is affirmed.