(April 20, 1923.)

P. A. SORENSEN, Appellant, v. ELTON WEBB, Respondent.

[214 Pac. 749.]

SALE OF CHATTEL—WRITTEN CONTRACT—ORAL WARRANTY—RESCISSION —REFUSAL OF VENDOR TO RECEIVE PROPERTY—DUTY OF VENDEE— RECOVERY FOR KEEPING CHATTEL.

1. Where, upon the sale of a chattel, a title note is given, which is silent as to a warranty, evidence of an oral warranty is admissible.

<hr>

Publisher's Note.

1. Parol evidence as admissible to show warranty where bill of sale contains none, see notes in 5 Am. St. 197; 19 Ann. Cas. 542; 19 L. R. A., N. S., 1183.

2. When a written contract of sale contains a provision as to a warranty, evidence of a contemporaneous oral warranty is inadmissible.

3. When the vendee of a chattel rightfully exercises his right to rescind, and the vendor refuses to receive the chattel, the vendee may keep it for a reasonable time at the vendor's expense. Upon the expiration of a reasonable time the vendee should sell it for the best price obtainable, retain his necessary expense, and hold the balance subject to the vendor's demand.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. B. S. Varian, Judge.

Action on promissory note. Judgment for defendant on counterclaim. *Affirmed.*

Laurel E. Elam, for Appellant.

Where A expends money for feed and care of B's animal and A knows that B will not consent to pay for such expenditures, A cannot recover for amount expended. (*Earle v. Coburn,* 130 Mass. 596; *Keith v. DeBussingney,* 179 Mass. 255, 60 N. E. 614; *Morse v. Kenney,* 87 Vt. 445, 89 Atl. 867; *Hodgkins v. Bowser,* 195 Mass. 141, 80 N. E. 796; *New York C. R. R. v. Sturtevant & H. B. & S. Co.,* 236 Mass. 16, 127 N. E. 509; *Miller v. Schloss,* 218 N. Y. 400, 113 N. E. 337.)

Where contract between the parties in a sale of personalty has been reduced to writing, a parol warranty cannot be proved. (19 L. R. A., N. S., 1183, note; Mechem on Sales, sec. 1254; Benjamin on Sales, sec. 621; 30 Am. & Eng. Ency. of Law, 168; *Seitz v. Brewers R. M. Co.,* 141 U. S. 510, 12 Sup. Ct. 46, 35 L. ed. 837; *Cashman v. Harrison,* 90 Cal. 297, 27 Pac. 283; *Neverman v. Bank of Cass,* 14 Okl. 417, 78 Pac. 382.)

Scatterday & Stone, for Respondent.

When a contract for the purchase of chattels is rescinded by the buyer for the seller's breach of warranty, the buyer

3. Duty of buyer where seller refuses to accept property tendered in rescission of the contract, see note in **L. R. A.** 1916F, 479.

is entitled to compensation for the expense of keeping the property for the seller after a tender thereof which is refused. (35 Cyc. 160, note 19; *Carter v. Walker,* 2 Rich. (S. C.) 40; *McDonald v. Stafford* (Tex. Civ.), 213 S. W. 732; *Gaut v. Cutting-Larson Co., Inc.,* 110 Misc. 484, 181 N. Y. Supp. 581; *Owens v. O'Keefe,* 141 Minn. 275, 170 N. W. 204; *Truman's Farm v. Hansen,* 108 Kan. 717, 196 Pac. 1087; *Alexander v. Walker* (Tex. Civ.), 239 S. W. 309.)

Expense for freight and hauling was allowed buyer without question in *Barnett v. Hagan,* 18 Ida. 104, 108 Pac. 743.

McCARTHY, J.—This is an action on a promissory note. Respondent admitted its execution and delivery, but pleaded the following defense and counterclaim: That the note was given to pay the purchase price of a certain cow sold by appellant to respondent, to wit, $290, and the purchase price of certain fixtures, to wit, $34, the sale taking place February 26, 1919; that appellant knew respondent was purchasing the cow for breeding purposes, and warranted her to be with calf and a breeder, and that she had been bred on September 21, 1918; that respondent relied on this warranty; that the cow was not with calf, was not a breeder, but was barren; that upon discovering these facts, and within six months of the purchase, and at a time when the cow was in as good condition as at the time of the purchase, respondent offered, and still offers, to return her to appellant; that from September 1, 1919, to March 26, 1921, the date of filing the answer, respondent kept the cow for appellant at a reasonable cost of $120. Respondent asked for judgment against appellant in the sum of $80.33. The case was tried to the court without a jury. The court found substantially the facts pleaded by the respondent in defense of the action and outlined above, found that the reasonable value of the keep and feed of the animal was $100, and rendered judgment for respondent against appellant in the sum of $70.80, being the value of the keep and feed minus the price of the fixtures, with interest.

The specifications of error may be summarized as follows: first, the evidence is insufficient to show that appellant warranted the cow; second, the court erred in admitting testimony of an oral warranty; third, the court erred in holding appellant liable for the keep and feed of the cow.

While the evidence is conflicting, there is evidence, which, if uncontradicted, would be sufficient to show that appellant warranted the cow as contended by respondent. Under the familiar rule this is sufficient to sustain the judgment.

"When a contract is reduced to writing and signed, it constitutes the final agreement of the parties as to its subject matter, and prior or contemporaneous oral agreements or statements, varying its terms, are not admissible." (*Beebe v. Pioneer Bank & Trust Co.*, 34 Ida. 385, 201 Pac. 717.)

Appellant contends that the evidence as to the oral warranty varied the terms of the note. The note in question is the ordinary form of a title note, retaining title in the appellant until the note is paid. Nothing is said in the note about a warranty. The general rule is that bills and notes do not purport to express the entire agreement between the parties. Hence parol evidence is admissible to show collateral agreements provided they are not inconsistent with the note itself. Parol evidence of an oral agreement is generally admissible to show partial or total failure of consideration of the note. (C. J. 1254, 1255, sec. 1669, and cases cited.) The fact that the note contains provisions for the retention of title does not exclude it from the operation of this rule. We conclude that the admission of evidence as to an oral warranty was not objectionable on the ground that it tended to vary the terms of the note.

In advertising the public sale at which respondent purchased the cow, appellant distributed a circular in which, under the heading "Guarantee," the following words were contained:

"Cows with calf at foot, showing evidence of being in calf, or have dropped a calf during the past year, no further guarantee on such is given."

It is claimed that this, together with the note, constituted a written contract between the parties, which the evidence of an oral warranty tended to vary. If this printed warranty controls, respondent had no right of action against appellant, because the cow in question had dropped a calf during the past year, and notice of this fact was given to respondent on page 48 of the circular. Furthermore, it is clearly established by the weight of authority that, where a written agreement contains an express warranty, proof of an additional oral warranty is not permitted. (2 Williston on Contracts, sec. 643, pp. 1242–1245, especially cases cited in note 36 on page 1243.) In order for this rule to apply, however, it must appear that the written warranty contained in the circular was a part of the contract for the sale of the cow. The mere fact that the advertisement distributed prior to a public sale contains a warranty with certain limitations does not necessarily mean that the sale of every animal is subject to it. The sale may be made in view of and reliance upon the printed warranty, or it may be made upon terms of its own, according to the intent of the parties, to be gleaned from the particular transaction. The evidence in this case shows that, before respondent bid in the cow, he asked a certain question which called forth the oral warranty relied upon. The court finds that respondent relied upon this oral warranty. This particular sale was thus a transaction by itself, and not subject to the conditions named in the advertisement. Therefore, admitting evidence of the oral warranty did not constitute varying or adding to a written agreement.

Appellant contends he was under no obligation to pay respondent for the keep and feed of the cow because, first, he did not promise to pay, and, secondly, the law will not imply a promise. A *quasi*-contractual liability is never raised contrary to the express declaration of a party unless a duty is implied by law. (*Earle v. Coburn,* 130 Mass. 596; *Board of Commrs. v. Bloomington,* 253 Ill. 164, Ann. Cas. 1913A, 471, 97 N. E. 280.) Where the seller of livestock

wrongfully refuses to receive the cattle back, the buyer may care for them at the seller's expense for a reasonable time. At the expiration of a reasonable time it is his duty to sell them on the seller's account, for the best price obtainable, to retain enough to reimburse him for his necessary expense, and hold the balance subject to the seller's demand. (*Alexander v. Walker* (Tex. Civ.), 239 S. W. 309; *Truman's Farm v. Hansen,* 108 Kan. 717, 196 Pac. 1087; *Carter v. Walker,* 2 Rich. (S. C.) 40; *McDonald v. Stafford* (Tex. Civ.), 213 S. W. 732; *Keith v. DeBussigney,* 179 Mass. 255, 60 N. E. 614; 35 Cyc. 160, note 20.) The question of what is a reasonable time is for the jury. (*Strauss v. Furniture Co.,* 76 Miss. 343, 24 So. 703.) There is no express finding on the question as to whether respondent held the cow more than a reasonable time, and it does not appear that any was asked for. The general finding of the court that $100 is the reasonable value of the keep and feed of the cow is sufficient under the circumstances.

We have examined the other specifications of error not expressly discussed above, and find in them no cause for reversal.

The judgment is affirmed, with costs to respondent.

Budge, C. J., and Dunn, William A. Lee and Wm. E. Lee, JJ., concur.